In the Matter of the Application of ASHBEL P. FITCH, as
Comptroller of the City of New York, for a Writ of Cer-
tiorari to be Directed to DANIEL LORD et al., Commissioners,
etc., and RACHEL PURDY, Claimant.

1. NEW YORK CITY — DAMAGES FOR CHANGE OF GRADE — AWARD OF
COMMISSIONERS — REVIEW. The provision of chapter 537, Laws of 1893,
as amended by chapter 567, Laws of 1894, that the commissioners
appointed thereunder shall have "exclusive jurisdiction to estimate the
loss and damage" sustained by landowners in the twenty-third and twenty-
fourth wards of the city of New York through changes of grades in streets,
does not deprive the courts of the power to review, by certiorari, the pro-
ceedings of such commissioners in making an award of damages, as to
whether they made their estimate upon legal and authorized evidence, and
included only authorized elements of damage, and adopted a proper rule or
basis in estimating the damage. (*People ex rel. Schuylerville, etc., R. R.
Co.* v. *Betts,* 55 N. Y. 600, distinguished.)

2. CERTIORARI. A writ of certiorari to review an award of such com-
missioners properly issues under section 2120, subdivision 2, of the Code
of Civil Procedure.

Mem. of decision below, 85 Hun, 619.

(Argued October 21, 1895; decided October 29, 1895.)

APPEAL by Rachel Purdy, claimant, from order of the Gen-
eral Term of the Supreme Court in the first judicial depart-
ment, made March 15, 1895, which affirmed an order of the
Special Term denying a motion to quash a writ of certiorari
issued upon the application of the comptroller of the city of
New York to review an award made to Rachel Purdy by
commissioners of appraisal, appointed under Laws of 1893,
chapter 537, as amended by Laws of 1894, chapter 567.

The facts, so far as material, are stated in the opinion.

*Ernest Hall* and *Thomas S. Bassford* for appellant. An
appeal lies to this court from the order of the General Term
of the Supreme Court affirming the order of the Special Term
of said court, refusing to quash the writ of certiorari granted
herein. (*People ex rel.* v. *Board of Commrs.,* 99 N. Y. 37,
42.) No writ of certiorari is allowable herein. (Code Civ.

Pro. § 2120; Laws of 1894, chap. 567, § 1, sub. 2; *People ex rel.* v. *Betts*, 55 N. Y. 600; *In re Palmer*, 40 N. Y. 561; Potter's Dwarris on Stat. 471, 472; *Grover* v. *Cook*, 1 N. Y. 536; *Roosevelt* v. *Linkert*, 67 N. Y. 447; *People ex rel.* v. *Fowler*, 55 N. Y. 675.)

*D. J. Dean* for respondent. The court has not been deprived of jurisdiction by the statute. (Laws of 1893, chap. 537; Laws of 1894, chap. 567; *Le Roy* v. *Mayor, etc.*, 20 Johns. 430; *Ex parte Mayor, etc.*, 23 Wend. 277; *People* v. *Freeman*, 3 Lans. 148; Code Civ. Pro. § 2120, sub. 2, § 2122; *In re N. Y. El. R. R. Co.*, 41 Hun, 502.) The statute, as construed by the appellant, is unconstitutional. The jurisdiction of the Supreme Court was provided for in article 6, section 6, of the Constitution of 1846: "There shall be the existing Supreme Court with general jurisdiction in law and equity." And the new Constitution of 1894 provides, in section 1 of article 6: "The Supreme Court is continued with general jurisdiction in law and equity." (*Kanouse* v. *Martin*, 3 Sandf. 653; *Alexander* v. *Bennett*, 60 N. Y. 204; *Popfinger* v. *Yutte*, 102 N. Y. 42; *Hutkoff* v. *Demorest*, 103 N. Y. 380; *Flynn* v. *C. R. R. Co.*, 142 N. Y. 439; *City of Brooklyn* v. *Mayor, etc.*, 25 Hun, 612; *People* v. *Coughtry*, 58 Hun, 245; *People ex rel.* v. *Supervisors*, 49 Hun, 476; *Mussen* v. *A. G. Works*, 63 Hun, 367; *Youngs* v. *Carter*, 10 Hun, 194.)

HAIGHT, J. Under chapter 721 of the Laws of 1887 the department of public works in the city of New York was authorized to enter into an agreement with the New York and Harlem Railroad Company for the depression of the tracks and for the changing of the grades of the railroad in the 23d and 24th wards of the city, and for the carrying of the streets crossing such railroad over and under the same, etc. Pursuant to the provisions of this act an agreement was entered into and the tracks of the company were depressed and the grades changed in accordance therewith. Under chapter 537

of the Laws of 1893, as amended by chapter 567 of the Laws of 1894, the mayor of the city of New York was authorized and directed to appoint three discreet, disinterested persons as commissioners, who "shall have exclusive jurisdiction to estimate the loss and damage which each owner of land or land and building fronting on any such street or avenue has sustained or will sustain by reason of such change," etc., which damage the city was directed to pay to such owner. Pursuant to this provision the appellant presented a claim, upon which the commissioners appointed by the mayor have made an award in her favor, for the sum of $2,575. It was to review the proceedings of the commissioners upon which this award was made that the writ in question was issued. The motion to quash was made upon the ground that the court had no power to review such award, for the reason that by the terms of the act the commissioners were given "exclusive jurisdiction to estimate the loss and damage."

The question presented must be determined from the provisions of the act. What is the fair and reasonable construction that should be given to them? Undoubtedly the commissioners are given exclusive jurisdiction to estimate the loss, but they are required to make their estimates upon legal and authorized evidence, to include only such element of damage as is authorized, and to adopt a proper rule or basis in estimating the damage. Their determination is not, by the language of the act, made final and conclusive. They are only given the exclusive power to estimate. It appears to us, therefore, that their proceedings are subject to review in the particulars indicated.

The case of The People ex rel. The Schuylerville & Upper Hudson R. R. Co. v. Betts (55 N. Y. 600) we do not regard as in conflict with the views above expressed. That case was a proceeding to assess the damages of the owner for lands taken for railroad purposes under the right of eminent domain. The statute in that case authorized one review of the determination of the commissioners, and then provided that "The second report shall be final and conclusive on all the parties

interested." In that case it was held that the writ of certiorari would not lie to review the second appraisal. But it will be observed that the language of that statute is very different from that which we now have under consideration. Exclusive jurisdiction to estimate does not necessarily mean sole power to determine the rule or elements of damage or the competency of evidence by which such damage shall be ascertained. Neither do those words necessarily mean that the estimate shall be final and conclusive upon the parties without an opportunity to review; and in the absence of any provision indicating an intent that they were intended to be so understood, we think they ought not to be construed as shutting off forever any right of review.

Section 2120 of the Code of Civil Procedure provides that "The writ of certiorari regulated in this article, except the writ specified in section 2124 of this act, is issued to review the determination of a body or officer. It can be issued in one of the following cases only : 1. Where the right to the writ is expressly conferred, or the issue thereof is expressly authorized by a statute. 2. Where the writ may be issued at common law, by a court of general jurisdiction, and the right to the writ, or the power of the court to issue it, is not expressly taken away by statute." The commissioners appointed by the mayor are officers and they act as a body. At common law the writ would issue to review their action. There is nothing in the statute under consideration expressly taking away the writ. It was, therefore, properly issued under the second subdivision of this section of the Code.

It is urged on behalf of the appellant that the clause of the statute referred to, giving the commissioners exclusive jurisdiction to estimate, is an expression of the statute taking away the writ; but for the reasons stated we do not so construe it.

The order appealed from should be affirmed, with costs, and the proceedings remitted to the Special Term to proceed thereon.

All concur.

Ordered accordingly.