PEOPLE ex rel. CITY OF NEW YORK v. LAWRENCE et al.

(Supreme Court, Special Term, New York County. June, 1905.)

1. EMINENT DOMAIN—ASSESSMENT OF DAMAGES—REVIEW—CERTIORARI—ESTOPPEL TO CONTEST.

Laws 1896, p. 865, c. 716, providing for the construction of a bridge and approaches, contains, in section 4 (page 867) a provision authorizing the payment of compensation for land taken for the bridge and damages caused by the change of grade of streets approaching the bridge. Section 5 (page 868) declares the provisions of law relating to the taking of

private property for streets applicable as far as may be necessary to the acquiring of land under the act. *Held*, that a claimant who was awarded a hearing for the assessment of damages caused by a change of grade could not contend, in opposition to a review of such hearing on certiorari, that section 5 is limited in its scope to proceedings to acquire land, and does not extend to awards for change of grade.

2. SAME—ERRORS IN LAW—REVIEW BY CERTIORARI.

     A failure of the board of assessors, in assessing damages for the change in grade of a street for the construction of bridge approaches under Laws 1896, p. 865, c. 716, to hold that there had been a former recovery by the claimant of the same damages, is, if erroneous, an error of law, which may be reviewed by certiorari.

Certiorari by the people, on the relation of the city of New York, against Mary H. Lawrence, as executrix, etc., of Bryan Lawrence, deceased, and Robert Muh and others, composing the board of assessors of the city of New York. On motion to quash. Denied.

Joseph A. Flannery, for the motion.

John J. Delany (Charles L. Guy, of counsel), opposed.

GIEGERICH, J. Chapter 716, p. 865, of the Laws of 1896, amending certain portions of prior acts relating to the same subject, and providing for the construction of a bridge and approaches on Third avenue over the Harlem river, contains a provision for awarding damages to abutting owners caused by change of grade of streets approaching such bridge. The respondent Mary H. Lawrence, as executrix of the last will and testament of Bryan Lawrence, deceased, obtained from the respondents, Muh, Zucca, and O'Malley, composing the board of assessors of the city of New York, an award of $203,500, as representing such damages, with interest thereon, bringing the total up to $282,017.08. Thereupon the city of New York obtained a writ of certiorari to review such proceedings, and it is to quash and supersede such writ that the present motion has been brought by the respondent Lawrence.

Chief reliance in support of the motion is placed upon People ex rel. Stephens v. Phillips, 88 App. Div. 560, 85 N. Y. Supp. 200; while in opposition reliance is placed on Matter of Fitch, 147 N. Y. 334, 41 N. E. 699. Neither of those authorities can be regarded as precisely in point, however, for the reason that each of them, like the present case, has to proceed in its final analysis upon a construction of the language used in the particular statute under consideration. In the present case the important provisions on the point are found in section 4 of the act, permitting the disbursement for the construction of such bridge (after enumerating certain amounts), "and also such further sum for paying awards and compensation for land taken for the purpose of said bridge and awards for damages caused by reason of the change of grade of streets or avenues approaching the same authorized by this act, as may be awarded by the board of assessors of the said city or proper authority, whose duty it shall be to estimate the damage which each owner of land fronting on such street or avenue will sustain by reason of such change to such land or to any improvements thereon, or the value of land taken, and make a just and equitable award of

the amount of such damage or value to the owner or owners of such lands," etc. In support of the motion it is argued that the act of the board of assessors was purely ministerial, and not reviewable by a writ of certiorari, as a judicial act would be. As evidence of such claim that the act is ministerial, it is insisted that there are no provisions of the act affording hearings to claimants for damages. It is not clear to my mind that there are not such provisions in that portion of section 5 of the act which declares that:

"The provisions of law relating to the taking of private property for public streets or places in said city are hereby made applicable, as far as may be necessary, to the acquiring of the said land as aforesaid."

It is urged that this language does not extend to awards for change of grade made by the board of assessors, but is limited to proceedings to acquire land through commissioners of estimate and apportionment provided for in other portions of the act. In the present instance, however, the claimant was afforded a hearing, and I do not think it now lies in her mouth to assert that the statute has a different significance than was given to it in her favor by the board of assessors in the practical interpretation made of it when they granted her the hearing. So far as the authority of People ex rel. Stephens v. Phillips, 88 App. Div. 560, 85 N. Y. Supp. 200, is concerned, it is sufficient to distinguish that case to point out that it was one where a claimant, disappointed in the amount of damages awarded, sought to obtain more by a writ of certiorari, and the court, in holding that no such remedy was warranted, based its decision primarily upon the fact that the enactment under which the award had been made was permissive, rather than mandatory, and vested in the board of revision and assessment a discretionary power to determine what damages, if any, should be awarded. This view was emphasized by the observation of the court that the award, when made, was in the nature of a gratuity to the property owner. Obviously, under such circumstances, the recipient of the gratuity, the granting or withholding of which altogether is placed in the discretion of a designated board, is in no position, after an award of such gratuity, to complain that it was not large enough, which is precisely what was sought to be done in the Stephens Case. For the same reasons, the statute ought to be construed liberally in favor of allowing a review of the proceedings to the one required to pay such gratuity. Turning now to Matter of Fitch, 147 N. Y. 334, 336, 41 N. E. 699, cited as authority for the issuance of the writ, language is found applicable to the situation here presented, as follows:

"Undoubtedly, the commissioners are given exclusive jurisdiction to estimate the loss, but they are required to make their estimates upon legal and authorized evidence, to include only such element of damage as is authorized, and to adopt a proper rule or basis in estimating the damage. Their determination is not, by the language of the act, made final and conclusive. They are only given the exclusive power to estimate. It appears to us, therefore, that their proceedings are subject to review in the particulars indicated."

In this proceeding it is claimed that the board of assessors committed an error of law in not holding that there had been a former

recovery by this claimant for the same damages sought in this proceeding in a prior proceeding before commissioners of estimate and assessment. Whether there had been such prior recovery, which would act as a bar to the present claim, would seem to be a question of law, and one of the character indicated in the above-quoted language of the Court of Appeals as one proper for review by a writ of certiorari.

The motion is denied, with $10 costs.