Yates Dingman, Respondent, v. Lewis Sylvester and Others, Appellants.— Judgment affirmed, with costs. All concurred.

George A. Fox and Others, Respondents, v. Frank Fitzpatrick and Others, Appellants, Impleaded with Ellsworth Sherman.— Judgment affirmed, with costs. All concurred, except Williams, J., not voting.

Jacob Kwiechinski, as General Guardian of Caecilia Gacka, an Infant, Appellant, v. Andrew Moleski and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements. All concurred.

The People of the State of New York ex rel. John R. Brodhead, Appellant, v. The City of Buffalo, Respondent.— Judgment affirmed, with costs. All concurred.

Bridget Murphy, Respondent, v. William F. Wait, Appellant — Order affirmed, with costs. All concurred, except Williams, J., not voting.

Clista M. McCarthy, as Administratrix, etc., of Edward Sandell, Deceased, Respondent, v. The Supreme Court of the Independent Order of Foresters, Appellant.— Judgment affirmed, with costs. All concurred.

Henry H. Persons and John R. Hazel, as Receivers of the Bank of Commerce in Buffalo, Respondents, v. William H. Gardner and Others, Appellants, Impleaded with Robert R. Hefford and Others, Respondents.— Order of affirmance entered May second amended so as to allow costs on appeal to the plaintiffs, respondents.

Edward K. Summerwell, Appellant, v. Rochester Herald Company, Respondent.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs.

Frank A. Weddigan and John Meyer, Respondents, v. William F. Whiting, Appellant.— Motion for reargument granted and the same set down for hearing on Monday, the twenty-eighth day of the present month.

---

## THIRD DEPARTMENT, MAY, 1906.

John W. Whalen and Others, Appellants, v. Fonda, Johnstown and Gloversville Railroad Company, Respondent.— Judgment and orders affirmed, without costs of the appeal to either party. All concurred, except Parker, P. J., not voting, and Smith, J., dissenting in memorandum.

SMITH, J. (dissenting): The jury has found both plaintiff and defendant negligent. Their conclusion warrants the judgment entered, provided they were guided to that conclusion by proper rules of law stated by the trial judge in his charge. In stating what duty was required of the plaintiff, the trial judge said: "If they had the duty to look when they entered on the track, did they not have a duty to continue to look — I so charge you; that their duty was not fully performed by looking to see a car when they entered upon the track, but they should continue the observation so long as they were on the track." Further: "I charge you as a matter of law that this car run in the manner that they knew it was had the preference, and they should have been ready to have made the track clear when the car came, and whether they should do it by having a man look is not for us to speculate." In *Atlantic Coast Electric R. R. Co.* v. *Rennard* (62 N. J. Law, 773), the Court of Errors and Appeals of New Jersey has stated the rule that as between an electric trolley car and a traveler upon the highway upon a country crossing, neither party at such a crossing has a paramount right of way. In *Solomon* v. *Buffalo Railway Co.* (96 App. Div. 487) the rule is recognized that at street intersections a trolley company has no paramount right over a traveler who is crossing the street, and it is further held: "A refusal to charge in such a case that the rights of the street car and of the vehicle at the point in question were equal, is not cured by a charge that it was incumbent upon the street railroad company ' to use all reasonable care and caution to avoid injury to the plaintiff (an occupant of the vehicle) or to any one else.'" A part of the charge quoted would seem to state the duty of the plaintiff to have been to keep off from the track at their peril. While this may be deemed to have been modified by other parts of the charge, which stated that they had the right to be upon the track in the performance of their work, and that it was their duty to exercise reasonable care, this broad statement could not but have been prejudicial to the interests of the plaintiff in the determination by the