PEOPLE ex rel. BROWNELL v. BOARD OF ASSESSORS OF CITY OF
                              BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1908.)

1. CERTIORARI—MOTION TO QUASH—ADMISSIONS.
    The allegations of a petition for certiorari must be taken as true, on
    motion to quash the writ, based upon the papers on which the writ was
    granted.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Certiorari, §§
    163–165.]

2. MUNICIPAL CORPORATIONS—PAVING—PETITIONS—SUFFICIENCY.
    Under the Buffalo charter, prohibiting the ordering of street paving
    in certain cases unless authorized by "a majority of the resident owners
    of the lands fronting on the street representing at least two-fifths of
    all the feet front," several persons owning a parcel of land are improperly
    counted as one.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Cor-
    porations, § 770.]

3. SAME—ASSESSORS' CERTIFICATE—CONCLUSIVENESS—CERTIORARI.
    Buffalo Charter, Laws 1891, p. 221, c. 105, § 398, requires an applica-
    tion for a paving improvement by property owners to be referred to the
    board of assessors to ascertain whether a majority of the resident abut-
    ting owners representing at least two-fifths of the feet front have applied
    for the improvement. Section 399, as amended by Laws 1900, p. 1541, c.
    707, makes the assessors' certificate to the application conclusive as to
    the facts. Code Civ. Proc. § 2140, provides for a review by certiorari
    of a question whether, on making a determination, any rule of law af-
    fecting the rights of the parties thereto has been violated to relator's
    prejudice. *Held*, that though the assessors' certificate cannot be attacked
    collaterally, and any tax levied upon the strength of the certificate, suffi-
    cient on its face and not set aside, cannot be attacked, though the state-
    ment of facts in the certificate may be incorrect, and in a direct proceeding
    to review the assessors' action a mere miscount or other like mistake of
    fact may be beyond review by the courts, where the facts stated in the
    certificate are concededly incorrect and the assessors have acted upon an
    erroneous principle of law in reaching that result, the question may be
    reviewed upon certiorari.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Cor-
    porations, § 840.]

4. CONSTITUTIONAL LAW—DUE PROCESS.
    Under Buffalo Charter, Laws 1891, p. 221, c. 105, § 398, requiring an
    application for a paving improvement by property owners to be referred
    to the board of assessors to ascertain whether a majority of the resi-
    dent abutting owners representing at least two-fifths of the feet front
    have applied for the improvement, and under section 399, as amended
    by Laws 1900, p. 1541, c. 707, making the assessors' certificate to the ap-
    plication conclusive as to the facts, no constitutional right is invaded
    in not giving the landowner notice of the proceedings before the assess-
    ors, nor respecting the finality of the certificate.
    McLennan, P. J., dissenting in part.

Appeal from Special Term, Erie County.

Certiorari by the people, on the relation of William C. Brownell,
to review a decision of the board of assessors of the city of Buffalo.
From an order of the Supreme Court, at Special Term (109 N. Y.
Supp. 991), refusing to dismiss, quash, or supersede said writ, the
board appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Samuel F. Moran, for appellant.

Frank F. Williams, for respondent.

KRUSE, J.   The relator seeks to review by certiorari the action of the board of assessors of the city of Buffalo relating to the proceedings for repaving a certain part of Broadway, in that city, and particularly their proceeding in certifying that a majority of the resident owners of lands fronting on that part of the street proposed to be repaved, owning at least two-fifths of such land, had signed the petition for such improvement.

The charter of the city of Buffalo provides that, when the expense of any work or improvement for paving or repaving a street will exceed the sum of $500, it shall not be ordered (1) unless upon the vote of three-fourths of all the members elected to the common council, after notice as therein provided, or (2) unless it shall be applied for by a majority of the resident owners of the lands fronting on the street, representing at least two-fifths of all the feet front of the land in and along which such improvement is to be made. Such an application is required to be referred to the board of assessors, to ascertain whether such majority has applied for the improvement. Unless the board of assessors shall certify that such application is made by a majority of such owners, and that they own at least two-fifths of the land, the improvements shall not be ordered. Laws 1891, p. 221, c. 105, § 398.   By section 399 of the charter, as amended in 1900 (chapter 707, p. 1541, of the Laws of 1900), it is further provided:

"The board of assessors shall return the application of the common council, with its certificate thereon as to the facts required, which certificate shall be conclusive as to the facts."

The petition for the writ alleges that the certificate of the board of assessors is incorrect and erroneous and contrary to law, that in fact the petition is not signed by a majority of the resident owners, and that the assessors acted upon the erroneous assumption that several persons owning a given parcel of land should be counted as but one person; and since the assessors made no return, but moved to quash the writ upon the papers upon which it was granted, the allegations must be taken as true. That the assessors acted upon an erroneous principle in counting and ascertaining the number of owners seems clear.   It is the number of owners, and not the number of parcels of land, which is one of the necessary requirements for making the improvements.

It is urged, however, by the learned corporation counsel, that, since the certificate of the assessors is made conclusive as to the facts, the court is powerless to open and re-examine that question, and that the action of the assessors, which culminated in the making of the certificate, cannot be reviewed by a writ of certiorari or otherwise. I think that is true to this extent:   That it cannot be attacked collaterally, and that any tax levied upon the strength of the certificate,

sufficient on its face and not set aside, cannot be successfully attacked, although the statement of facts in the certificate may in fact be incorrect, and, even in a direct proceeding to review the action of the assessors, a mere miscount or other like mistake of fact may be beyond review and correction by the courts; but where the facts stated in the certificate are concededly incorrect, and the assessors have acted upon an erroneous principle of law in reaching that result, I think the question may be reviewed upon certiorari. Such a proceeding seems to be quasi judicial, and ordinarily reviewable by certiorari. Code Civ. Proc. § 2120; Matter of Fitch, 147 N. Y. 334, 41 N. E. 699; People ex rel. Yawger et al. v. Allen et al., 52 N. Y. 538.

Section 2140 of the Code of Civil Procedure provides what questions may be determined upon a review by certiorari, among others, whether, in making the determination, any rule of law affecting the rights of the parties thereto has been violated, to the prejudice of the relator. It also provides for reviewing the determination upon the facts, but very likely that right has been cut off by the statute in this case, which makes the certificate conclusive as to the facts.

The cases relied upon for upholding the contention that the certificate is final and conclusive, and not reviewable by certiorari or otherwise, are quite unlike this case. I need call attention to but two of them. In the Matter of Kiernan, 62 N. Y. 457, where it appeared that the question was raised on a proceeding to vacate an assessment, it was held that the determination of a common council was final and conclusive; but there the statute expressly so provided. The case of People ex rel. Brodhead v. City of Buffalo, 113 App. Div. 892, 100 N. Y. Supp. 1136, was likewise a proceeding to review an assessment, which was upheld on appeal by this court. It was not a direct proceeding to review the certificate of the assessors, and, beyond that, there the question of fact was tried as to whether the required number of persons had signed the petition, and the court found as a matter of fact that the required number had signed the application for the improvement.

Both counsel have cited Miller v. City of Amsterdam, 149 N. Y. 288, 43 N. E. 632. That was an action brought to set aside an assessment for local improvements, and it was there held that the assessment was made without jurisdiction, for the reason that the required number of owners of property had not signed the petition; but there the charter of the city contained no provision authorizing or requiring any board or officer to ascertain these facts.

We are not unmindful of the difficulties which beset a proceeding of this character, and we agree with the learned corporation counsel that no constitutional right is invaded in not giving the landowner notice of the proceedings before the assessors, or in respect to the finality of the certificate. Londoner v. City of Denver, 28 Sup. Ct. 708, 52 L. Ed. ——; decided June 1, 1908. It seems to us, however, that the construction of this provision contended for on behalf of the city, which in effect is that the common council has the right to order the improvement upon the certificate of the assessors, certifying to certain facts, without regard to the manner in which

they reached the conclusion upon the facts, is hardly warranted. Very likely the assessors are given great latitude in ascertaining the facts which they are required to certify, and the questions which may be reviewed by the courts are within a very narrow compass, and it may be difficult for the relator to establish that the assessors violated any rule of law in reaching their conclusion; but as it now stands, such is the conceded fact, and, if so, we think, at least to that extent and for that reason, the action of the assessors is reviewable by certiorari.

The order denying the motion to quash the writ should be affirmed, with $10 costs and disbursements. All concur, except McLENNAN, P. J., who dissents in part.