In the Matter of the Application and Petition of MICHAEL T. DALY, as Commissioner of Public Works of the City of New York, for and on Behalf of THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, under Chapter 189 of the Laws of 1893, to Acquire Certain Real Estate for the Purpose of Providing for the Sanitary Protection of the Sources of the Water Supply of the City of New York.

MT. KISCO, WESTCHESTER COUNTY, Parcel No. 29.

WILLIAM I. HALSTEAD, Appellant; THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

*Condemnation commissioners may form an opinion of value from a personal inspection — variance from the values sworn to.*

Commissioners appointed in condemnation proceedings may properly be influenced in their appraisal by the conclusions which they have reached from their personal inspection and examination of the premises to be taken.

An award of $2,669.29, which was $367.36 less than the highest valuation and $72 less than the lowest valuation given by witnesses called by the municipality seeking to acquire the land, it was considered, on an appeal therefrom by the owner of the land taken, should not be set aside.

APPEAL by William I. Halstead from the appraisal and report of commissioners appointed in this proceeding, filed in the office of the clerk of the county of Westchester on the 31st day of July, 1895, and also from an order made at the Orange Special Term and entered in the office of the clerk of the county of Westchester on the 7th day of October, 1895, confirming said report.

*A. J. Adams,* for the appellant.

*H. T. Dykman,* for the respondent, petitioner.

WILLARD BARTLETT, J.:

The land taken from the appellant in this proceeding is a lot about 126 feet wide and 200 feet deep on Moger avenue, in the village of Mount Kisco, in the county of Westchester. The only building upon the premises was a barn. The amount awarded by the commissioners for the entire property, comprising the land and this building, was $2,669.29.

The only ground on which this award is attacked is its alleged inadequacy. It appears to be $367.36 less than the highest valuation given by the witnesses called in behalf of the city of New York, and $72 less than the lowest valuation given by such witnesses. We do not think that the difference in either case is sufficient to justify us in setting aside the report of the commissioners. The rule is too well settled to require the citation of authority to support it, that these officers have the right to be influenced, in the appraisal which they make, by their own inspection and examination of the property to be taken; and there is nothing to show that the result reached in this case was not due to a proper exercise of their functions in this respect.

Our attention is also called to the award made by the same commissioners for parcel No. 27 at Mount Kisco, which is said to be property near this, where the award was four times the amount which they allowed per front foot for the parcel in controversy here. Such proof as the record contains, however, as to the comparative character of the two pieces of land, indicates that the higher valuation placed upon parcel No. 27 was warranted by the presence thereon of a railroad switch and by the somewhat superior situation of the lot; so that it is impossible for us to assert that the difference shows the present award to be inadequate.

The order appealed from must be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.