### GOETZ v. STATE.

(Supreme Court, Appellate Division, Third Department. January 16, 1904.)

1. APPROPRIATION OF LAND—RAISING GRADE OF STREET—AMOUNT OF DAMAGES—EVIDENCE—SUFFICIENCY.

Evidence considered, and *held* insufficient to show that the amount awarded as damages against the state on account of an appropriation of land and raising the grade of a street was inadequate.

Appeal from Court of Claims.

Action by George W. Goetz against the state for damages for an appropriation of land and raising the grade of a street. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Lewis & Lewis (George L. Lewis, of counsel), for appellant.

John Cunneen, Atty. Gen., and S. S. Taylor, Dep. Atty. Gen., for the State.

CHASE, J. Porter avenue in Buffalo runs nearly north and south and across the Erie Canal. Along and parallel with the canal is Third street, but it is indistinguishable from the towpath. Prior to 1897 there was a change bridge over the canal at Porter avenue, and that avenue was graded several feet higher than Third street. Claimant is the owner of an unimproved and unoccupied lot at the corner of said streets, being about 113 feet on Third street and 40 feet on Porter avenue. The only way to get upon Porter avenue from Third street was by using the approach to the change bridge. The Legislature, by chapter 668, p. 1679, Laws 1894, directed the removal of the old bridge, and also authorized and directed the board of park commissioners of the city of Buffalo to construct a new bridge over the canal at said street, and the act provided that the state should pay part of the expense and that the city should pay the balance thereof. Nothing seems to have been done under that act, and the Legislature, by chapter 590, p. 394, of the Laws of 1895, authorized and directed the superintendent of public works to construct a bridge with the necessary abutments and approaches over the canal at that point, and provided that the expense be borne equally by the state of New York and the city of Buffalo. A new bridge was erected several feet higher than the old bridge, and ex-

tending the full width of the street, and the grade of Porter avenue
in front of claimant's lot was raised, and an abutment or retaining
wall approaching said bridge covered a rectangular strip of claim-
ant's lot 19 feet along Porter avenue and 3 feet along Third street.
On the 28th day of May, 1898, claimant filed with the common coun-
cil of the city of Buffalo a claim for damages, in which claim he says:

"That the floor or roadway of said new bridge was built many feet higher
than the bridge which it replaced. That by direction of the park commis-
sioners the grade of Porter avenue in front of claimant's lot was raised and
worked to a subgrade of eighteen inches, a line drawn from the floor of the
new bridge to the grade established at the junction of Porter avenue with
Fourth street. That a temporary macadam pavement with rubble stone
foundation averaging fifteen inches in depth was constructed on said grade
during the summer of 1897, and your petitioner is informed and verily believes
that the park commissioners intend to lay an asphalt pavement upon said
macadam pavement at the new grade, and that some proceedings have been
taken, and further proceedings are about to be taken, by the said commis-
sioners in that respect. That said new grade of Porter avenue is about
fifteen feet above the level of claimant's said lot and several feet above the
former grade of Porter avenue. That claimant's said lot is inaccessible from
Porter avenue by reason of the embankment constructed in front thereof by
the city, through its park commissioners, as aforesaid. That by reason of
the matters herein set forth claimant's lot has been greatly damaged."

The claim was heard by the assessors of the city as provided by the
city charter, and witnesses were sworn by both parties, and said as-
sessors found that the owner had been damaged by the change of
grade of Porter avenue between Fourth street and Erie Canal, and
awarded him $3,200 therefor. The award was accepted by the claim-
ant, and it has been paid to him. On May 24, 1900, a notice was
served as provided by section 70 of the canal law (chapter 338, p. 635,
Laws of 1894), showing the quantity and boundary of the lands of
the claimant permanently appropriated by the state. The claimant
filed this claim with the court of claims about December 21, 1898,
in which he claims damages for the lands so permanently appro-
priated and for raising the grade of Porter avenue, and thereby shut-
ting off claimant's approach from Third street to Porter avenue.

On the trial in the court of claims three witnesses as to value were
sworn by the claimant. One testified:

"I think I knew the value of those premises before the state went in and
took possession of it or interfered with it."

He then gave his estimate of the value of the premises before and
after the improvements were made, and he further testified:

"In my judgment, it is reduced more than one-half. It is reduced to $3,500,
not simply because they have taken off the 19 feet which has always been
below the grade of Porter avenue, but they have cut off Third street, too.
I have taken into consideration the approach into Third street as a part of
the damage. The approach into Third street used to be up the towpath."

The second witness testified:

"My damages are based largely on the damages arising from the change
of grade there and the stoppage of the entrance down that way. Fifty per
cent. all the way around of the diminution arises from the change of grade.
I should judge those lots facing the canal before the improvement were worth
about $75 per foot front."

The third witness testified:

"My estimate of the damage is based upon the fact that Porter avenue has been raised up so high by change of grade and the pier and everything that is there. I understand that the pier and improvement are all in Porter avenue, except three feet. My estimate of the damages is based on the improvements there; that is, the cause of the damage the raise of grade and all together."

It is very clear that said witnesses, in estimating the damages, included as an element thereof the change of grade and all consequent interference with and to the approaches to the lot. Subsequent to the city changing the grade on Porter avenue from Fourth avenue to the Erie Canal as stated, claimant owned his lot, subject, however, to the right of the city to maintain Porter avenue at a grade that made it inaccessible from the lot or from Third street. The damages occasioned by taking the piece of land 19x3 feet for the abutment or retaining wall should be estimated in view of its situation after the grade of Porter avenue had been so changed. If the abutment or retaining wall had not been extended over on the claimant's land, no liability for damages against the state would exist. The question for the court of claims to determine, therefore, was not considered by the expert witnesses, and their estimate of the damages was of very little service to the court. If a building is ever erected upon the claimant's lot which extends above the grade of Porter avenue, the state's ownership of the rectangular piece of land under the abutment or retaining wall probably will not interfere with access to such building from the street above its grade line; but, even if the state's ownership of such strip of land results in the exclusion of access, light, and air even above the grade of Porter avenue, the question still remains as to the value of such rectangular piece of land in view of the situation existing after the change of the grade of Porter avenue as stated. The court was left without any expert testimony as to the value of such piece of land as it existed after such change of grade, and it was compelled, if at all, to make an award from the general testimony received in regard to values and from the personal view of the members of the court. This they did, and we cannot say that the award is inadequate.

The judgment should be affirmed, with costs. All concur.