(127 App. Div. 444.)

PEOPLE ex rel. HALL et al. v. FORD et al.

(Supreme Court, Appellate Division, Third Department. June 18, 1908.)

1. NEWSPAPERS—DESIGNATION FOR PUBLISHING LAWS.

Under County Law, Laws 1892, p. 1749, c. 686, § 19, as amended by Laws 1898, p. 1013, c. 349, Laws 1900, p. 932, c. 400, and Laws 1905, p. 1156, c. 496, authorizing the designation, by the members of the board of supervisors, representing, respectively, each of the two principal political parties, of "a paper" fairly representing the political party to which they respectively belong, regard being had to the advocacy by such paper of the principles of its party and to its regular and general circulation, "to publish the Session Laws and concurrent resolutions of the Legislature required by law to be published," one paper cannot be designated to publish the Session Laws and another paper to publish the resolutions; the use of the singular and plural nouns "paper and papers" in the following sentence, making provision in case of failure "to make a designation of a paper or papers as above provided," or of a designation contrary to such provisions, having in view the power of each party to designate a paper.

2. CERTIORARI—PARTIES.

The proprietors of a paper eligible for designation, under County Law, Laws 1892, p. 1749, c. 686, § 19, as amended by Laws 1898, p. 1013, c.

349, Laws 1900, p. 932, c. 400, and Laws 1905, p. 1156, c. 496, to. publish the Session Laws and joint resolutions of the Legislature, have a sufficient interest as citizens to sue out a writ of certiorari to review a void designation of other papers, even if their paper will not be entitled to make the publications.

Sewell, J., dissenting.

Certiorari, on the relation of Harry Hall and others, directed to Sidney L. Ford and others, members of the board of supervisors of Greene county, representing the Democratic Party, commanding them to certify and return all and singular their proceedings in relation to designating a newspaper to publish the Session Laws and the concurrent resolutions of the Legislature required to be published in the year 1898. Writ sustained, and determination annulled.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John A. Stephens, for relators.
Benj. I. Tallmadge, for respondents.

CHESTER, J. The relators are the proprietors of a newspaper, known as the Recorder, published in the village of Catskill. The respondents are the seven Democratic members of the board of supervisors of Greene county. In December, 1907, four of their number, being a majority, designated the Windham Journal, a newspaper published at Windham, to publish the Session Laws required by law to be published for the year 1908, and also designated the Daily Mail, a newspaper published at Catskill, to publish the official canvass, election notices, concurrent resolutions, and other similar propositions that may be required by law to be published in the year 1908. The relator contests the legality of each of these designations on the ground that the respondents in making such designations, had not regarded the regular and general circulation of such papers in the towns of the county, as required by section 19 of the county law (Laws 1892, p. 1749, c. 686, § 19, as amended by Laws 1898, p. 1013, c. 349, Laws 1900, p. 932, c. 400, and Laws 1905, p. 1156, c. 496). The relators contend that the paper published by them had consistently advocated the principles of the Democratic Party, had supported the state and national nominees thereof, and that its circulation throughout the county of Greene was much greater than the combined circulation in such county of both of such other papers, and therefore that it was entitled to be designated.

It is not necessary to determine the validity or force of this contention in this case, for the reason that the designations made are clearly void under the statute for other reasons. Section 19 of the county law, above cited, prescribes the manner of designating newspapers to publish the Session Laws and concurrent resolutions of the Legislature. That section authorizes the designation by the members of the board of supervisors representing, respectively, each of the two principal political parties into which the people of the county are divided, or a majority of such members representing, respectively, each of such parties, to designate a paper fairly representing the political party to which they respectively belong, regard being had to the advocacy

by such paper of the principles of its party and its support of the state and national nominees thereof, and to its regular and general circulation in the towns of the county, to publish the Session Laws and concurrent resolutions of the Legislature required by law to be published. The authority is to designate "a paper  *  *  *  to publish the Session Laws and concurrent resolutions." The law is plain, and leaves no room for construction. There is no authority, therefore, to select one paper to publish the Session Laws, and another to publish the concurrent resolutions; but a paper, under the law, must be selected to publish the Session Laws and concurrent resolutions. The use of the singular and plural nouns, "paper or papers," in the statute in the sentence immediately following that authorizing the designation, is of no significance in this connection, as the effort there has been to frame a sentence that shall be broad enough to apply to the paper designated on behalf of either party or on behalf of both parties. The statute in that sentence makes provision for the failure "to make a designation of a paper or papers as above provided," where, as has been indicated, the authority is for the designation of only one paper on behalf of each party. In the same sentence it is also provided that "any designation of a paper or papers made contrary to the provisions of this statute is void"; this use of the plural noun being necessary to have the provision apply to the two papers, one representative of each of the two principal political parties. The purpose of the statute is to give publicity, and not to give patronage. When a designation is made, it is to be presumed that the decision of the supervisors charged with the duty has been arrived at after having due regard to the general and regular circulation of the paper designated in the towns of the county, as required by the statute, and if such regard has been had in selecting a newspaper for the publishing of the Session Laws the same considerations must inevitably result in the selection of the same paper for the publication of the concurrent resolutions. If, in giving regard to circulation, it is determined that one paper answers the statutory requirements, and has the circulation to give the greatest publicity in the towns of the county as representative of a party, no other paper could answer, in the nature of the case, such requirements. For these reasons the designations in question must be declared to be void.

It is urged that the relators have no interest in raising the question here presented, as under the law (section 19), in case of the failure to make a designation, the paper or papers last previously designated shall continue to make the publication, and the Recorder is not one of them. Under this writ we are confined to the duty of determining whether the designations are valid or void, and cannot decide the further question as to who is entitled to make the publications when the designations in question are void. If the facts alleged by the relator are true, as they claim, the paper published by them was eligible for designation when the designations under review were made, and every citizen is interested in the proper publication under the law of the Session Laws and concurrent resolutions. For these reasons, we think the relators have a sufficient interest to raise the question presented here, and therefore that they were entitled to sue out the writ.

Writ sustained, and determination annulled, with $50 costs and disbursements to the relator. All concur, except SEWELL, J., who dissents.