### In re WATER SUPPLY IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. EMINENT DOMAIN (§ 238*)—AWARD OF COMMISSIONERS—REVIEW.
   Error in a proceeding by a city to condemn land, in receiving evidence as to the structural value or cost of reproducing buildings, does not require reversal of the awards, where they are supported by other competent evidence, and the incompetent evidence is not shown affirmatively to have led the commissioners to adopt erroneous principles in reaching their conclusions.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 685; Dec. Dig. § 238.*]

2. EMINENT DOMAIN (§ 205*)—PROCEEDINGS—WITNESSES—CREDIBILITY.
   Commissioners in a condemnation proceeding, being the judges of the credibility and the weight of testimony, are not bound by the conclusions of particular witnesses as to the value of land.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 544; Dec. Dig. § 205.*]

Appeal from Special Term, Westchester County.

Application by the City of New York to acquire certain land in the Towns of Carmel and Southeast, in Putnam County (parcels 27 and 28), for water supply purposes. From an order refusing to confirm an award and report of commissioners, and directing a new hearing, certain property owners appeal. Reversed, and award and report confirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Frederic S. Barnum, for appellants.
H. T. Dykman, for respondent.

RICH, J. Upon the hearing the commissioners permitted evidence to be given, over respondent's objection and exception, by an expert architect, one Waite, of the structural value or cost of reproduction of the buildings upon the land. This does not require a reversal of the awards, if they are supported by other competent evidence, and the incompetent evidence is not shown affirmatively to have led the commissioners to adopt erroneous principles in reaching their conclusions. Matter of Daly v. Smith, 18 App. Div. 194, 45 N. Y. Supp. 785; Village of Port Henry v. Kidder, 39 App. Div. 640, 57 N. Y. Supp. 102;

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Harlem River & P. R. R. Co. v. Reynolds, 50 App. Div. 575, 64 N. Y. Supp. 199; Matter Grade Crossing Commissioners, 52 App. Div. 122, 64 N. Y Supp. 1074, affirmed without opinion 164 N. Y. 575, 58 N. E. 1087; Matter Brooklyn Union Elevated R. R. Co., 113 App. Div. 817, 99 N. Y. Supp. 222; Abbott's N. Y. Cyclopedic Digest, vol. 7, p. 361; Id., vol. 15, p. 1543.

The appellants proved by three witnesses an average value of parcel No. 27, and consequent damage of $2,663.33, and the respondent by a like number of witnesses an average value (and damage) of $1,166.66. The award was $1,940, which was $723.33 less than the average value placed upon it by appellants' witnesses, and $773.34 more than its average value as testified to by respondent's witnesses. The average value of parcel No. 28 was testified by appellants' witnesses to be $3,433.33, and by respondent's witnesses to be $2,383.33. The award was $3,090, which was $343.33 less than the average value placed upon it by appellants' witnesses, and $706.67 more than its average value as testified to by the witnesses for the respondent. The evidence upon these values was competent.

In addition to the oral evidence, the commissioners had before them accurate photographs of the property, and made a personal examination of it. One of the witnesses for the city testified that, with the exception of an interval of three years, he had devoted the greater part of his time for 11 years to the examination of property and qualifying himself to be a witness for the city, and one of the others that he had been a witness for the city since 1893. While they placed the value of the property taken much lower than that testified to by the witnesses for the appellants, the commissioners were not bound by their conclusions. They were the judges of their credibility and the weight to be given their evidence. They had means of determining the proper and just compensation to be awarded appellants which this court does not possess, and which cannot be returned to it; that is, the aid of a personal examination. The awards are not excessive, and there is no evidence contained in the record which would justify us in holding either that the commissioners adopted erroneous principles in determining the amount of their awards as to the two parcels owned by the appellants or that the incompetent evidence in any manner affected the result. It is not sufficient that the commissioners may have acted upon an erroneous principle. To justify a reversal it must appear affirmatively that they did so act. Matter of Thompson, 14 N. Y. St. Rep. 522.

The order must be reversed, with costs, and the awards and report of the commissioners, as to parcels Nos. 27 and 28, confirmed, with costs. All concur.