PEOPLE ex rel. JOLINE et al. v. WILLCOX et al., Public Service Com'rs.

(Supreme Court, Appellate Division, First Department.   November 24, 1909.)

1. CERTIORARI (§ 55*)—RETURN—"FURTHER RETURN."

   The words "further return," as used in Code Civ. Proc. § 2135, providing that, if a return to a writ of certiorari be defective, the court may order a further return, does not deprive the court of jurisdiction to order respondents to strike out any matter or part of a return made which is irrelevant.          .          .

   [Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 140; Dec. Dig. § 55.*]

2. STREET RAILROADS (§ 70*)—REGULATION—PUBLIC SERVICE COMMISSION—HEARINGS.

   The action of the Public Service Commission in establishing through routes and joint rates between certain street railroads, being judicial, and neither ministerial nor executive, in character, the commission's determination must be based on evidence adduced on a hearing had before them.

   [Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 70.*]

3. CERTIORARI (§ 55*)—RETURN—IRRELEVANT MATTER.

   Where the Public Service Commission, in establishing through routes and joint rates between certain street railroad companies, considered certain orders and statistics made and gathered by them, and ex parte proceedings had by the commission respecting the railways involved, none of which were introduced in evidence at the hearing, such matter was not properly contained in the commission's return to a writ of certiorari to review their proceedings, and should have been stricken as irrelevant.

   [Ed. Note.—For other cases, see Certiorari, Cent. Dig § 140; Dec. Dig. § 55.*]   ·

Appeal from Special Term, New York County.

Certiorari by the People, on relation of Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company, against William R. Willcox and others, constituting the Public Service Commission of the First District of the City of New York.   From an order denying relators' motion to compel respondents to correct their return by striking certain parts therefrom, relators appeal.   Reversed, and motion granted.

See, also, 129 App. Div. 267, 113 N. Y. Supp. 861.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.   ,

Robert C. Beatty, for appellants.          .

George S. Coleman, for respondents.

HOUGHTON, J.   On the 30th of October 1908, the defendants, constituting the Public Service Commission of the State of New York for the First District, made an order establishing through routes and joint rates with the Metropolitan Street Railway Company, of which relators are receivers, and the Central Park North & East River Railroad Company, commonly known as the "Fifty-Ninth Street Crosstown Railroad."   On the 11th day of November, 1908, a writ of certiorari was issued out of the Supreme Court for a review of such order.   Thereupon a motion was made in this court to quash such writ,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which motion was denied, on the ground that the determination of the commission was of a quasi judicial character, and hence subject to review by certiorari. People ex rel. Joline v. Willcox, 129 App. Div. 267, 113 N. Y. Supp. 861. On appeal to the Court of Appeals, such order was affirmed. 194 N. Y. 383, 87 N. E. 517. The writ of certiorari thus sustained commanded the defendants to certify and return—

"all and singular your proceedings, decisions, and actions upon the said matters and things arising under your hearing, * * * and all and singular the evidence and exhibits which were submitted to you as such commissioners upon said hearings, * * * with the proceedings thereon, with your determination as said commissioners, to the end that your decisions and actions as said commissioners may be reviewed."

Thereupon the defendants made their return, setting forth all the evidence and proceedings had on the hearing before them, and in addition thereto annexed what are denominated schedules I to V, both inclusive. These schedules I to V consist of certain orders made by defendants as commissioners and statistics gathered by them concerning the railway of which the relators are receivers, and ex parte proceedings had by the commission respecting the railways involved, none of which, however, were introduced in evidence on the hearing which resulted in the order of the commission establishing through routes and joint rates, for the review of which the certiorari was granted. The relators moved for an order compelling the respondents to correct their return by striking out these schedules and references to them, or compelling a proper, further and corrected return, omitting such alleged irrelevant matter, which motion was denied, and from the order made thereon this appeal is taken.

The defendant commissioners insist that the court has no power, under section 2135 of the Code of Civil Procedure, which provides that, if a return be defective, the court may order a "further return," to strike out any part of the return as irrelevant, but that the only remedy is to permit it to stand and disregard in its decision so much of it as is immaterial, and, further, that the return is proper and in accordance with the writ directing the return of all their "proceedings, decisions, and actions," because the commission did in fact, in making its determination which is sought to be reviewed by certiorari, consider as part of the proceeding had before it the matters contained in schedules I to V, although they were not introduced in evidence.

On the hearing which resulted in the order sought to be reviewed, the defendant commissioners took the position that in making their determination they had a right to consider anything affecting the matter that came to their knowledge, whether it was introduced in evidence before them or not, because their action was not reviewable by certiorari; and the relators insisted at the commencement of the hearing that whatever determination might be made should be had only upon the evidence then introduced, and that the respondents had no right to consider any matter not introduced before them on such hearing. Such view of their powers and duties prompted the defendants to move to quash the writ, but the courts have determined that such view was erroneous.

The action of the defendant commission in making the order sought to be reviewed having been determined to be, not ministerial or executive, but 'judicial, in character, their determination must have been based upon the evidence adduced upon the hearing had before them. Village of Saratoga Springs v. G., etc., Co., 191 N. Y. 123, 147, 83 N. E. 693, 18 L. R. A. (N. S.) 713; People ex rel. Clarke v. Roosevelt, 168 N. Y. 488, 61 N. E. 783; People ex rel. Smith v. Huffman, 166 N. Y. 462, 60 N. E. 187, 54 L. R. A. 597; People ex rel. Shuster v. Humphrey, 156 N. Y 231, 50 N. E. 860.

The defendants have returned that they did consider in making their determination the matters set forth in schedules I to V, although not introduced in evidence before them on the hearing, and urge that therefore the return is proper, and should not be corrected. The relators might well stand on such a return and such an assertion, and ask for a reversal of the determination thus made; but they do not choose to do so, preferring rather to have a decision upon the merits, based on the evidence actually introduced before the commission. The learned Special Term denied the motion to strike out or compel a corrected return omitting the alleged irrelevant matter, on the ground that it was the practice of the court to permit claimed irrelevant matter in a return to a certiorari to stand, because the court on review could disregard it; and such is the holding in Higgins v. Grant, 58 Hun, 158, 11 N. Y. Supp. 505.

Of course, the court cannot make a return for the person or body whose action is sought to be reviewed by certiorari. But where matter is returned which is clearly irrelevant and has no place in the return, if the opposing party does not seek to take advantage of such a return, but asks that a proper return be made containing only such proceedings' as were legally before the tribunal sought to be reviewed, we are of the opinion that the court has power to order a further return omitting such irrelevant matter. A return which contains concededly irrelevant matter is defective as well as one which omits relevant matter, and is embraced within the provision of the Code permitting the court to direct a "further return." Before the Code it was the practice to order a return amended by expunging certain portions as well as by directing a specific return as to certain particulars which had been omitted. People ex rel. Church v. Supervisors of Allegany, 15 Wend. 198. The schedules referred to in the present case embrace more than 250 pages of printed matter, and they, not having been introduced in evidence on the hearing, have no place in the return.

It follows that the order denying the motion must be reversed, with $10 costs and disbursements, and the motion to direct a further return, omitting such matter and references thereto granted, with $10 costs and disbursements, on which return the respondents may amend the recitals in relation to the consideration by them on the hearing of such irrelevant matter as they shall be advised. All concur.