(138 App. Div. 168.)

PEOPLE ex rel. CITY OF NEW YORK v. STILLINGS et al.

(Supreme Court, Appellate Division, First Department. May 13, 1910.)

1. MUNICIPAL CORPORATIONS (§ 404*)—CHANGING GRADE OF STREETS—PROCEEDINGS TO ASSESS DAMAGES—EVIDENCE.

Evidence, in a proceeding to assess damages caused by a change of street grades, *held* sufficient to sustain the award.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 989–999; Dec. Dig. § 404.*]

2. MUNICIPAL CORPORATIONS (§ 402*)—PROCEEDINGS TO CHANGE STREET GRADES—REPORT OF COMMISSIONERS—"PREJUDICE."

Laws 1893, c. 537, relating to the assessment of damages from a change in street grades, provides, by section 2, that the commissioners shall have exclusive jurisdiction to estimate the damage. Section 3 makes it their duty to inquire into the facts as to any claim and to hear the evidence and to swear all witnesses, and, after duly considering the evidence, to award such damages as shall be just. Section 6 authorizes the commissioners to award such relief as is just, under the circumstances of each case. Commissioners appointed to award damages returned that they had considered all the evidence submitted, had carefully viewed the premises, and that the award was the amount of damages which they had determined the claimant had sustained in view thereof. *Held*, that the award of commissioners should be based on the evidence brought before them, and not on a personal view, or on personal inquiries; that the award being reviewable by certiorari, which review must be confined to the evidence in the record, in basing their award partially on a personal inspection, they violated a rule of law affecting the right of the city to its prejudice, within the contemplation of Code Civ. Proc. § 2140, subd. 3, which provides that, on certiorari, the questions involving the merits to be determined by the court upon the hearing, among others, are whether in making the determination any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the relator.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 976–980; Dec. Dig. § 402.*

For other definitions, see Words and Phrases, vol. 6, pp. 5501, 5502.]

Certiorari on the relation of the City of New York to review the award of William E. Stillings and others as Commissioners, to the Central Trust Company of New York, as trustee under the will of Jason Rogers, for damages on account of a change of street grade. Writ sustained.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Clarence L. Barber (Theodore Connoly, on the brief), for relator.
Barclay E. V. McCarty (Jared G. Baldwin, Jr., and John M. Harrington, on the brief), for respondent Central Trust Company of New York.

LAUGHLIN, J. One Jason Rogers died seised in fee simple absolute of an entire block of land now in the Twenty-third ward, borough of the Bronx, New York, and his will was duly admitted to probate on the 11th day of September, 1868. He devised this block of land in trust, and the respondent trust company succeeded to the trust on the 26th day of November, 1906. The premises were in the former

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

town of Morrisania, Westchester county, and they were bounded on the north by George (now East 166th) street, on the south by Home street, on the east by Boston Road, and on the west by Forest (or Concord) avenue. The grades of George street, now East 166th street, and of Home street, were changed after having been only duly established, and the trustees duly filed claims for damages, and it became the duty of the commissioners appointed pursuant to the provisions of chapter 537 of the Laws of 1893, and chapter 567 of the Laws of 1894, and the acts amendatory thereof and supplemental thereto, to make an award for any damages caused to the premises by said changes of grade. They awarded the sum of $20,400 to the respondent as such trustee. The city instituted this proceeding to review the award on the ground that the commissioners adopted a wrong theory, or proceeded on a mistaken basis of valuation.

The first point made by the learned counsel for the city is that there is no evidence to sustain the award. We do not agree with this contention. The city gave evidence tending to show that no damage was caused by the change of grade; but, on the other hand, a witness called by the respondent gave evidence tending to show that damages in excess of the amount awarded were sustained. The evidence upon which it is contended in behalf of the city that the testimony of the expert called by the respondent shows that the damages amounted to the sum of $12,600 only is not all of the witness' testimony on the subject. It relates merely to the damages caused to 175 feet of the George street or East 166th street frontage. The witness did not claim that any of the damages were caused by the change of grade of Home street; but he estimated the damages caused by the change of the grade of the other street to be $40,000, and by his cross-examination it appears that, in making this estimate, he considered that the plot could be subdivided to best advantage by laying out a street on the lines of Jackson avenue (proposed), which was nearly through the middle of the block. The material change of grade was along the frontage of George, or East 166th, street, between the center line of said Jackson avenue (proposed) and the easterly line of Boston Road. The witness was of opinion that the premises fronting on Boston Road at the corner of George, or East 166th, street, could be utilized most advantageously by subdividing them into lots fronting on the Boston Road, to the depth of 103 feet on George, or East 166th, street. He then figured on laying out seven lots fronting on George, or East 166th, street, to the depth of 100 feet, and on four lots fronting on Jackson avenue (proposed) to the depth of 100 feet westerly therefrom, which would include the George, or East 166th, street frontage for the distance of 100 feet west of Jackson avenue (proposed). He testified that the damages to these seven lots fronting on George, or East 166th, street, would be $12,600, and this is the estimate upon which the city bases its first contention. It is manifest, however, that the witness considered that the premises in the rear of these seven lots, including the premises along the line of Boston Road and Jackson avenue (proposed) for a considerable distance north of George, or East 166th, street, would be materially damaged, and that he did not intend by this testimony to modify the views expressed on his direct examination with respect to the total award of damages.

The city also contends, in effect, that the commissioners in part based the damages on their personal view of the premises, and that this was in excess of their jurisdiction. It is expressly claimed in the points submitted by the respondent, not only that the commissioners received and considered all the evidence presented by the claimant and the city, but that they "supplemented that evidence by a personal view of the premises affected and by a personal inquiry into the 'facts and circumstances' of the cause." The commissioners in their return, made on the 10th day of December, 1909, state, among other things, as follows:

"In deciding this claim we have considered carefully all the evidence which has been submitted, whether documentary or in the shape of oral testimony, and have carefully viewed and examined the premises which are the subject of the claimant's claim for damages herein, and our award is the amount of damages which we have finally concluded and determined the claimant has sustained in view thereof."

The return of the commissioners does not show that they made or acted upon any personal inquiries, as stated in the points for the respondent; but their return, we think, fairly sustains the claim made by the city, and conceded, as stated, by the respondent, that they acted upon their personal view of the premises as well as upon the evidence taken upon the hearing. We are of opinion that this was in excess of their jurisdiction. We find nothing in the statutory provisions, under which the commissioners were authorized to proceed, which warranted them in making any personal inquiries concerning the damages caused by the changes of grade, outside of the public hearings, which were to become a matter of record, or to act upon a personal view of the premises. The powers and duties of the commissioners were prescribed in sections 2, 3, and 6 of chapter 537 of the Laws of 1893, which, so far as material to the question now presented for decision, we will quote, and they were re-enacted without change other than the omission of the clause restricting the commissioners with respect to the depth of the land, by chapter 567 of the Laws of 1894. Section 2 of said chapter provided as follows:

" * * * Said commissioners, or a majority of them, shall have exclusive jurisdiction to estimate the loss and damage which each owner of land or land and building fronting on any such street or avenue, and extending back therefrom not more than one hundred feet, has sustained or will sustain by reason of such change. * * * "

Section 3 of said chapter provided as follows:

"It shall be the duty of said commissioners, or a majority of them, to inquire into the facts or circumstances relating to any claim filed as aforesaid, and to hear the evidence in support thereof or in opposition thereto, and on every such inquiry and hearing to administer oaths or affirmations to all persons testifying, and after duly considering the evidence, to award such damages to the respective parties filing such claims, as shall be under the circumstances, and on the evidence presented, just and equitable. * * * "

Section 6 of said chapter provided as follows:

"The said commissioners shall award such relief as, in their judgment, is just and equitable, in view of the circumstances of each case brought before them by the claim filed, as aforesaid. * * * "

The statutes in question do not require that the award made by the commissioners shall be confirmed by the court, nor do they contain any provision with respect to a review thereof; but it has been held that the action of the commissioners is subject to review by a writ of certiorari, issued under the provisions of the Code of Civil Procedure. Matter of Fitch, 147 N. Y. 334, 41 N. E. 699; People ex rel. Astor v. Stillings, 124 App. Div. 195, 108 N. Y. Supp. 903; People ex rel. Grout v. Stillings, 76 App. Div. 143, 78 N. Y. Supp. 942. There being no provision in the statute authorizing the commissioners to act upon a personal view of the premises in making the award, and it being essential to a review by certiorari that the record contain the evidence upon which they based the award, it should be held that they have no right to take into consideration evidence dehors the record obtained by personal view or by personal inquiries. See People ex rel. Joline v. Willcox et al., 134 App. Div. 563, 119 N. Y. Supp. 641 (November, 1909).

It is to be borne in mind that the right of the respondent to damages for the change of grade rests entirely upon the act of the Legislature, without which it would have no claim. People ex rel. Central Trust Co. v. Stillings, 121 N. Y. Supp. 13 (January, 1910). Where property is taken in invitum for public purposes, the owner is entitled to just compensation, and ordinarily, if not always, it is provided that the commissioners may personally view the premises, and in such cases they may take into consideration their personal view of the land, and may act upon information derived dehors the record, and are neither bound nor limited by the testimony of the experts; but those cases are not analogous to a claim created by a statute which makes no provision for a personal view of premises by the commissioners, but only for its determination on sworn evidence. Matter of City of New York (Croton River Dam) 129 App. Div. 711, 114 N. Y. Supp. 75; Matter of Boston Road, 27 Hun, 409; Matter of Staten Island Rapid Transit Co., 47 Hun, 396; Matter of Daly, 26 App. Div. 326, 49 N. Y. Supp. 795; City of Syracuse v. Stacey, 45 App. Div. 249, 61 N. Y. Supp. 165; Harlem River & P. R. R. Co. v. Reynolds, 50 App. Div. 575, 64 N. Y. Supp. 199; Matter of Brooklyn Union Elevated R. R. Co., 113 App. Div. 817, 99 N. Y. Supp. 222; Matter of Simmons, 132 App. Div. 574, 116 N. Y. Supp. 952; Matter of Application of City of New York, 122 N. Y. Supp. 1124 (1st Dept. March, 1910).

It has been held that the Court of Claims, in making an award on a claim filed for land appropriated by the state, is confined to the evidence adduced before it although the statute authorizes a personal view of the premises. Burchard v. State of New York, 128 App. Div. 750, 113 N. Y. Supp. 233, appeal dismissed 195 N. Y. 577, 89 N. E. 1096; Civ. Code Proc. § 268; Goetz v. State, 90 App. Div. 616, 85 N. Y. Supp. 739, affirmed 182 N. Y. 547, 75 N. E. 1129. See Matter of Simmons, supra. And we think that rule should obtain in the case at bar. It may be that the commissioners were warranted in viewing the premises to enable them to understand and apply the evidence presented in open session and on which they were required to make their award; but we are of opinion that they could not by their personal view supplement such evidence, and in doing so they violated a rule of law

affecting the rights of the relator to its prejudice, within the contemplation of subdivision 3 of section 2140 of the Code of Civil Procedure.

It follows that the writ should be sustained and the determination annulled, without costs, and the matter remitted to the commissioners to proceed as directed in this opinion.  All concur.