PEOPLE ex rel. UTICA SUNDAY TRIBUNE CO. v. WILLIAMS et al.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1910.)

1. CERTIORARI (§ 55*)—RETURN—POWER OF COURT TO STRIKE OUT.

Though the court has power under Code Civ. Proc. § 2135, authorizing the court to direct a further return to certiorari where the return is defective, to require a further return which shall omit matter clearly irrelevant, it cannot make a return to the writ for the person whose ac-

─────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion is under review, and an order striking portions of a return so as to leave parts imperfect and meaningless is invalid.

[Ed. Note.—For other cases, see Certiorari, Dec. Dig. § 55.*]

**2. NEWSPAPERS (§ 1*)—PUBLICATION OF LAWS—STATUTES.**

The purpose of requiring publication of the Session Laws, as provided by County Law (Consol. Laws, c. 11) § 20, requiring a designation of newspapers for publication of Session Laws, is to give to the people general notice of the laws, and, in determining whether a newspaper fairly represents the principles of a political party so as to make it eligible for designation, regard must be had, not only as to its advocacy of the principles of the party and its support of the state and national nominees thereof, but also to its general circulation in the towns of the county in which it is published, and where a newspaper is deficient in either of these particulars, and there is another newspaper in the county which measures up to the statute, a designation of the former is unwarranted.

[Ed. Note.—For other cases, see Newspapers, Dec. Dig. § 1.*]

**3. NEWSPAPERS (§ 1*)—PUBLICATION OF LAWS—STATUTES.**

The act of the Republican members of the board of supervisors of a county in designating as the official newspaper in which to publish the Session Laws as authorized by County Law (Consol. Laws, c. 11) § 20, a Republican newspaper having a circulation not exceeding 1,000 copies, and not circulating at all in at least two towns of the county, is unauthorized where there is another Republican newspaper in the county with a general circulation in all towns of the county of more than 11,000 copies, though the publisher publishes on Sunday an independent paper.

[Ed. Note.—For other cases, see Newspapers, Dec. Dig. § 1.*]

Appeal from Special Term, Oneida County.

Certiorari by the People of the State of New York, on relation of the Utica Sunday Tribune Company, against Thomas Williams and others, constituting a majority of the Republican members of the Board of Supervisors of Oneida County, and the Clerk of the Board of Supervisors, to certify and return to the office of the Clerk of Oneida County their proceedings and actions in designating the Rome Tri-Weekly Republican, as the official paper in which to publish the Session Laws and Concurrent Resolutions for 1910, and the evidence and records filed with them concerning the matter and their determination thereon. From an order striking out certain portions of the return to the writ, respondents appeal, and, pursuant to stipulation, the certiorari proceedings are presented to and heard by the court at the same time. Order striking out parts of the return reversed, and order designating the newspaper reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

D. Francis Searle, for appellants.

E. D. Lee, for appellee.

ROBSON, J. It is assumed that relator's application to the Special Term for an order striking out certain parts of the return was based upon a claim that the return was defective. Section 2135 of the Code of Civil Procedure provides that, if the return to the writ is defective, the court may direct a further return. The order instead of directing a further return, which shall omit the parts thereof to which objection

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was made, explicitly directs that certain parts of the return be stricken therefrom. It may be that the court at Special Term has the power to require a further return, which shall omit therefrom matter, which is clearly irrelevant, and which has no place in the return. People ex rel. Joline et al. v. Willcox et al., as Com'rs, etc., 134 App. Div. 563, 119 N. Y. Supp. 641. But the fact still remains that the court cannot, either directly or indirectly, make return to the writ for the person, or body, whose action is under review. Excision of the parts of the return directed by the order leaves parts of what remains imperfect and meaningless. Respondents made but one return to the writ. They have not made, nor adopted, the emasculated return remaining after giving effect to the order. The order should be reversed.

We may therefore consider the cause as it would have been presented had the order amending the return not been made. The purpose of the writ is to obtain a review of the action of a majority of the members of the board of supervisors of Oneida county, representing the Republican party, in designating the Rome Tri-Weekly Republican as a paper to publish the Session Laws and Concurrent Resolutions of the Legislature for the year 1910. The relator publishes at Utica in said county the Utica Herald Dispatch, a newspaper having a general circulation in that county, and was an applicant for the designation of that paper. The statutory authority, under which such designation is made, is found in section 20 of the county law, being chapter 11 of the Consolidated Laws (Laws 1909, c. 16). It is not questioned that respondents had the right to designate a paper for the purpose specified in the statute. But it is urged that the paper designated was not, as required by the act, one "fairly representing the political party," which respondents represented in the board of supervisors, "regard being had to the advocacy by such paper of the principles of its party and its support of the state and national nominees thereof, and to its regular and general circulation in the towns of the county." The purpose, to be served by requiring publication of the Session Laws and Concurrent Resolutions of the Legislature, is to give to the people of the state early and general notice of their enactment and of the provisions thereof. It is publicity of the laws for general information of the people subject to them that is sought. People ex rel. Hall et al. v. Ford et al., 127 App. Div. 444, 112 N. Y. Supp. 130; People ex rel. Union and Advertiser Co. v. Board of Supervisors, 60 Hun, 328, 14 N. Y. Supp. 867. To that end it is required that the newspaper designated as the medium of publication must fairly represent the political party, by whose representatives in the board of supervisors it has been selected. In testing the question whether a newspaper does in fact so fairly represent the principles of a political party as to make it eligible for designation regard must, as the statute provides, be had, not only to its advocacy of the principles of its party and its support of the state and national nominees thereof, but also to its general and regular circulation in the towns of the county in which it is published. If a newspaper is deficient in either of these particulars, and there is another newspaper published in the county, which clearly measures up to the full requirements of the statute, it would seem

that a designation of the former would not be warranted. Such a newspaper may be a type, or specimen, of a party paper; but it does not fairly represent the party to which it belongs within the plain purpose and intent of the statute. People ex rel. Hall et al. v. Ford et al., 127 App. Div. 444, 112 N. Y. Supp. 130; People ex rel. Republican and Journal Co. v. McCarthy et al., 134 App. Div. 761, 119 N. Y. Supp. 387. Recurring now to the facts appearing in the record we find that the Rome Tri-Weekly Republican has an aggregate circulation not exceeding 1,000 copies. There are at least two towns in the county where it does not appear to circulate at all. It does not appear to what extent its circulation goes in the other towns; but it must necessarily be small because of its limited total circulation. On the other hand, the Utica Herald Dispatch is a daily paper having a general circulation throughout all the towns of the county of more than 11,000 copies. Its circulation in the two towns, in which the Rome Tri-Weekly Republican does not circulate, is upwards of 1,000 copies. So far as the regular and general circulation of the two papers throughout the towns of the county of Oneida is concerned, it is clear that the Utica Herald Dispatch is entitled to first consideration. The other test to be applied, as the statute provides, it is claimed by respondents precludes consideration of the Utica Herald Dispatch as fairly representing the Republican party in Oneida county. It appears from the return that relator, in addition to publishing the Utica Herald Dispatch, which apparently has no Sunday edition, publishes a Sunday paper called the Utica Sunday Tribune. Nowhere in the return, however, is relator's statement in the petition for the writ, as to the consistent advocacy by the Utica Herald Dispatch of the principles of the Republican party and its support of the state and national nominees thereof, directly denied. The allegation in the return that relator publishes another paper called the Utica Sunday Tribune, which is independent in politics, and that relator calls the paper published by it "Herald Dispatch six days in the week and Utica Sunday Tribune on one day in the week" comes far short of putting in issue the fact that the Utica Herald Dispatch, as a paper, has consistently advocated the principles of the Republican party and supported the nominees of that party. The statute, in terms, refers to the principles advocated by the paper itself, and the support given by it to the nominees of its party, as a criterion by which its capacity, as fairly representing its party is to be gauged, not the principles advocated and the support given to nominees by another paper of different name, even though the same proprietor and publisher may control both papers. We think that on the papers presented it satisfactorily appears that the Rome Tri-Weekly Republican is not a paper fairly representing in Oneida county the principles of the Republican party within the meaning and intent of the statute. The designation by respondents of that paper to publish the Session Laws and Concurrent Resolutions of the Legislature was therefore contrary to the provisions of section 20 of the county law supra, and is void for that reason.

Order reversed and designation annulled, without costs. All concur.