(70 Misc. Rep. 593.)

### PEOPLE ex rel. CENTRAL TRUST CO. v. PRENDERGAST, City Comptroller.

(Supreme Court, Special Term, New York County. February, 1911.)

1. STATUTES (§ 106*)—"PRIVATE ACT" OR "LOCAL ACT"—SUBJECTS AND TITLES.
    Laws 1910, c. 701, amending the highway law (Consol. Laws 1909, c. 25) by inserting a new section, 59a, providing that, whenever awards shall be lawfully made pursuant to statute for damages sustained by real estate or any improvement thereon from any change of grade of any street, avenue, or road in front thereof, the award of the principal amount of damages sustained shall bear interest at 6 per cent. from the time of the change of grade to the time of payment of the award, applies to all

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

awards of the same class made anywhere within the state, and is not a private or local act within Const. art. 3, § 16, providing that no such bill shall embrace more than one subject which shall be expressed in the title.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 120; Dec. Dig. § 106.*

For other definitions, see Words and Phrases, vol. 5, pp. 4208–4213; vol. 6, pp. 5567–5569.]

2. MUNICIPAL CORPORATIONS (§ 378*)—STREETS—STATUTORY PROVISIONS—AP-PLICATION OF HIGHWAY LAW.

The highway law (Consol. Laws 1909, c. 25) deals not only with state, county, and town highways, but also with city streets and avenues, section 59a thereof, inserted by Laws 1910, c. 701, providing that, whenever awards shall be lawfully made pursuant to any statute for damages to realty or any improvement thereon from change of grade of any street, avenue, or road in front thereof, the award of the principal amount of damages sustained shall bear interest at the rate of 6 per cent. per annum from the time of change of grade to the time of payment of the award, is not limited by the preceding section dealing with changes of grade in town highways so as to apply only to damages occasioned by changes of grade in such highways.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 378.*]

3. STATUTES (§ 206*)—CONSTRUCTION.

In construing a statute, effect must be given to every part thereof.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 283; Dec. Dig. § 206.*]

Mandamus by the People, on the relation of the Central Trust Company, against William A. Prendergast, Comptroller of the City of New York. Writ granted.

Order affirmed, 128 N. Y. Supp. 1139.

John M. Harrington, for applicant.

Archibald R. Watson, Corp. Counsel, for defendant.

PAGE, J. This is a motion for a peremptory writ of mandamus to be issued, directing the comptroller of the city of New York to pay to the relator an award of the change of grade damage commission in the sum of $15,000, together with interest thereon, at the rate of 6 per cent. per annum, from September 15, 1893, to the time of the payment of that award; and to that end to issue bonds, as required by the statutes constituting that commission. This matter has been in the courts for several years. See People ex rel. Astor v. Stillings, 124 App. Div. 195, 108 N. Y. Supp. 903; People ex rel. Central Trust Co. v. Stillings, 136 App. Div. 438, 121 N. Y. Supp. 13, and 198 N. Y. 504, 92 N. E. 1096. Therefore the facts preceding the last determination need not be restated.

The award of $20,400, without interest, which had been made and affirmed in the last two cases cited, was set aside and the matter sent back to the commissioners for a new trial. People ex rel. City of New York v. Stillings, 138 App. Div. 168, 123 N. Y. Supp. 349. Pending the determination of the commissioners, an act of the Legislature was passed whereby a section was inserted in the highway law as follows:

"59a. Interest on damages for change of grade. Whenever awards shall be lawfully made, pursuant to any statute of this state, for damages sustained by real estate or any improvement thereon by reason of any change of grade of any street, avenue or road in front thereof, the award of the prin-

cipal amount of damages sustained shall bear interest at the rate of six per centum per annum, from the time of the change of grade to the time of payment of the award." Laws 1910, c. 701.

This act became a law June 25, 1910, and took effect immediately. Thereafter, and on the 19th day of August, 1910, the commissioners made an award to the relator in the sum of $15,000 and the certificate of award contained the following direction:

"That pursuant to the provisions of chapter 701, Laws 1910, the said award shall bear interest at the rate of six per centum per annum from September 15, 1893, the time of the physical change of grade, to the time of payment."

The comptroller has refused and failed to pay.

[1] The contention is made by the corporation counsel that chapter 701 of the Laws of 1910 is unconstitutional. It is argued that, as this act affects awards made pursuant to a local law (Laws 1893, c. 537, amended by Laws 1894, c. 567, and Laws 1905, c. 747), it is a local act, and, by reason of the defects in the title, is contrary to section 16, art. 3, of the state Constitution. It will be seen by the terms of chapter 701 it applies "to an award lawfully made pursuant to any statute of this state for damages sustained * * * by reason of any change of grade of any street, avenue or road. * * *" While it applies to awards made pursuant to a local law applicable to the city of New York, it applies to all awards of the same class made anywhere within the state. There is no limitation as to locality. This cannot be held to be a local act. Ferguson v. Ross, 126 N. Y. 459, 464, 27 N. E. 954; Matter of Dobson, 146 N. Y. 357, 359, 40 N. E. 988. The contention that this law is a special city act requiring the assent of the mayor, by virtue of section 2, article 12, of the Constitution, cannot be seriously considered. The act must be held to be constitutional.

[2] The corporation counsel also urges that this act does not apply to changes of grade within the city of New York, for the reason that it is an amendment to the highway law, which he urges deals with state, county, and town highways, of which there are none within this municipality, and cites section 3 of that law in support of his contention. That section, however, is not a limitation upon the effect of that law generally, but provides:

"Highways, the construction, improvement or maintenance of which is provided for in this act, are hereby divided into three classes, (1) State highways, * * * (2) County highways * * * (3) Town highways."

And there is an elaborate provision contained in the highway law covering these classes. But there are other provisions of the law that do apply to the city of New York and other municipalities in which there are none of the three classes of highways, viz., article 11 thereof, "The Motor Vehicle Law," and sections 327 and 329 of article 12. City streets and avenues are highways, and the highway law applies to them unless limited in particular portions thereof to a particular kind of highway as above indicated. The corporation counsel further argues from the insertion of chapter 701 in the highway law as a portion of article 4, which is headed, "Town Superintendents; General Powers and Duties," and the fact that the preceding section (59) deals with the changes of grade in town highways, that section 59a applies

only to damages occasioned by a change of grade of town highways. But, if this were the intention of the Legislature, apt words would have been used to so express its meaning, as, for instance, "whenever award shall be made as provided in the last section" or "in this article." To adopt such a construction would make ineffective the words "pursuant to any statute of the state" and "any change of grade in any street, avenue or road."

[3] It is a well-settled rule of construction that effect must be given to every part of the statute, and a construction that would not accomplish that result must be rejected. Finally, it is evident that the wrong which the Legislature sought to remedy was the inflicting of damage on the property owner without giving him full and adequate compensation. Where a considerable period of time had elapsed between the infliction of the damage and the award of compensation, the interest for the deferred period of payment should be allowed. The fact that this deficiency in the law as it existed in relation to the very change of grade that is the subject of our present consideration had, but shortly prior to the introduction of this statute, been declared by the appellate courts (People ex rel. Central Trust Co. v. Stillings, supra), was undoubtedly the occasion of legislative action. To give such construction to this act as would deprive the very persons of the redress the Legislature intended to afford would be to defeat the legislative intent.

The corporation counsel expresses fears that this statute may lead to the imposition of interest on awards already declared. As to this I express no opinion. When the question is properly raised, it will be considered. This award was made subsequently to the statute's taking effect, and is clearly within the terms thereof.

Motion granted. Settle order on notice.