PEOPLE ex rel. OLIN et al. v. HENNESSY et al., Board of Assessors of City of New York.

(Supreme Court, Appellate Division, First Department.  April 4, 1912.)

RAILROADS (§ 99*)—CHANGE IN STREET GRADE—DAMAGES—AWARD—REVIEW BY CERTIORARI.

> Under Laws 1903, c. 423, § 6, as amended by Laws 1905, c. 634, which authorized the New York Central & Hudson River Railroad Company, at its own expense, to discontinue existing grade crossings, make necessary changes in streets, and pay damages resulting from changes of grade, "to be ascertained and awarded by the board of assessors of the city of New York," the determination of the board, dismissing an owner's claim for damages from change of grade without any award of damages, after having taken and considered evidence submitted by claimants, is not subject to review by the Appellate Division.

> [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 293–295, 297–304; Dec. Dig. § 99.*]

Certiorari by the People of the State of New York, on the relation of Stephen H. Olin and another, as executors of S. L. M. Barlow, deceased, to review the action of Joseph P. Hennessy and others, composing the Board of Assessors of the City of New York, in dismissing petitioners' claim for award of damages for change of grade.  Writ dismissed.

This is a proceeding by certiorari to review the action of the board of assessors in the city of New York upon the petition of relators to be awarded for damages for change of grade.  The authority for awarding such damages is found in section 6 of chapter 423, Laws of 1903, as amended by chapter 634, Laws of 1905, which reads as follows:

"Section 6. The New York Central & Hudson River Railroad Company shall at its own expense construct the necessary bridges and abutments required to abolish and discontinue said existing grade crossings at Depot Place, Fordham Road and East One Hundred and Seventy-Seventh Street, and to avoid grade crossings at Teunnison Place, Exterior Street and East One Hundred and Ninety-Second Street (if carried over the said tracks), and to avoid grade crossings at any other streets which may hereafter be lawfully opened and carried over the said tracks between Depot Place and East One Hundred and Ninety-Second Street, and shall do all the work within its said leased lines at its own expense; the city of New York shall at its own expense make all necessary changes in streets, avenues or public places, and shall at its own expense, acquire and construct all approaches to bridges, and pay all damages to land and buildings fronting on that portion of the street or avenue closed and discontinued or whose grades shall be changed in consequence of the provisions of this act, *which damages shall be ascertained and awarded by the board of assessors of the city of New York*.  The said railroad company shall indemnify and save harmless the said city from any rights, claims or liabilities which may arise by reason of, or be created by, contract between either the said railroad company or its lessors and any property owner."

The relators, being the owners of property affected, filed a claim for damages, which the respondents dismissed without any award of damages, after having taken and considered such evidence as was submitted by the claimants and the city.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Benjamin Trapnell, for relators.

Charles J. Nehrbas, for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J. In our opinion the determination of the commissioners is not subject to review by certiorari. People ex rel. Stephens v. Phillips, 88 App. Div. 560, 85 N. Y. Supp. 200; People ex rel. Hallock v. Hennessy, 146 App. Div. 440, 131 N. Y. Supp. 327; Johnson v. Pettit, 120 App. Div. 778, 105 N. Y. Supp. 730. As pointed out in the cases cited, the persuasive reasonings of which need not be reiterated, the relators' only claim to receive damages for a change of grade is that which the statute gives it and it was competent for the Legislature by the same statute to designate the board or body which was to determine the amount of damages, if any. In the present case it has devolved that duty upon a board of city officers known as the "Board of Assessors," just as it might have devolved the duty upon any other officer or board. It has not clothed the board with any of the attributes of a body acting judicially, as it has clothed the permanent board, known as the "Change of Grade Damage Commission," organized under chapter 567, Laws of 1894. The determinations of the latter board have been held to be reviewable by certiorari, because "the act expressly provided rules for the guidance and control of the commissioners"; such rules, including an obligation to hear evidence in support of claims or in opposition thereto, and to administer oaths and affirmations to all persons testifying, and after considering the evidence to award such damages as shall be on the evidence presented just and equitable. Matter of Fitch, 147 N. Y. 334, 41 N. E. 699.

It was manifest that these provisions called upon the change of grade damage commission to act judicially, but nothing of the sort is made applicable to the board of assessors in this proceeding. They are not required to take evidence, although they may do so if they see fit, and they are not confined to a consideration of the evidence in ascertaining if any damage has been suffered, or as to its amount. The act is entirely silent as to how the assessors shall "ascertain and award" the damages, and the matter is therefore confided to their discretion. It is true that this court has, in some cases, entertained a 'certiorari to review the action of the board of assessors under similar statutes; but in those cases we have contented ourselves with passing upon the jurisdiction of the board to act upon certain claims, and have not undertaken to review their determination where jurisdiction was found to have been vested in them. People ex rel. City of New York v. Lyon, 114 App. Div. 583, 100 N. Y. Supp. 62, affirmed 186 N. Y. 545, 80 N. E. 1136. In Heiser v. Gilon, 121 N. Y. 551, 24 N. E. 944, which arose under a statute radically different from that now under consideration, the determination of the board of assessors was set aside, because, as the court thought, they had failed to give adequate notice of hearing to the property owners affected, whence, as it was considered, they had never actually acquired jurisdiction to proceed; but in that case the Court of Appeals was careful to remark:

"The only question that we can consider is the regularity of the proceedings of the board."

In the present case no such question arises. We are therefore of the opinion, and place our decision squarely upon the ground, that since the record presents no question of jurisdiction, or of the reg-

ularity of the proceedings, we are without power to review the determination of the board of assessors.

The writ must therefore be dismissed, with $50 costs and disbursements to the respondents.  All concur.