PEOPLE ex rel. WEINSTEIN et al. v. ZUCCA et al., Board of Assessors of City of New York.

(Supreme Court, Appellate Division, First Department. April 4, 1912.)

Municipal Corporations (§ 402*)—Change in Street Grade—Damages—Award—Review.

Under Laws 1904, c. 460, § 1, which provides that, where the grade of any street has been changed by the construction of the East River bridge, the board of assessors of the city of New York is authorized to estimate the damage which the owner has sustained or may sustain therefrom, and make a just award of the amount of such damage, provided that no award shall be made unless buildings or improvements have been erected on such property prior to the change of grade, and that the damages allowed shall be limited to such buildings or improvements, the Appellate Division is without power to review the determination of the board of assessors.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 969–981; Dec. Dig. § 402.*]

Certiorari by the People of the State of New York, on the relation of Morris Weinstein and another, to review the determination of Antonio Zucca and others, composing the Board of Assessors of the City of New York, on the claim of relators for damages for a change of grade. Writ dismissed.

This is a proceeding by certiorari to review the determination of the board of assessors in the city of New York upon the claim of relators to be awarded damages for a change of grade. The act under which the claim is made is known as chapter 460, Laws 1904, the first section of which reads as follows:

"Section 1. In any case where the grade of any street or avenue in the city of New York has been changed to conform to the location and construction of the new East River bridge authorized by chapter seven hundred and eighty-nine of the Laws of eighteen hundred and ninety-five, the board of assessors of the city of New York is hereby *authorized and empowered* to estimate and allow the damage which each owner of land fronting on such streets or avenues has sustained or will sustain by reason of said change of grade, *and to make a just and equitable award of the amount of such damage to the owner or owners* of said lands fronting on said street or avenue and opposite thereto and affected by said change of grade. Provided, however, that no award shall be made unless buildings or improvements have been erected on such land or lands prior to such change of grade, *and the damages allowed, if any, shall be limited to such buildings or improvements.*"

A substantial award has been made to relators, who, however, feel aggrieved thereby because it is, as they consider, insufficient.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Benjamin Trapnell, for relators.

Charles J. Nehrbas, for defendants.

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J.   There is no question in this case as to the jurisdiction of the board of assessors, or of the regularity of their proceedings. We are therefore of the opinion, for the reasons stated in People ex rel. Olin et al. v. Hennessy et al., 134 N. Y. Supp. 691, decided herewith, that we are without power to review the determination.   We have, however, looked into the record, with the result that we are satisfied that, if we had the power, we should not interfere with the determination sought to be reviewed.

The writ' must therefore be dismissed, with $50 costs and disbursements to the respondents.   All concur.