THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEPHEN H. OLIN et al., as Executors and Trustees under the Will of SAMUEL L. M. BARLOW, Deceased, Appellants, *v.* JOSEPH P. HENNESSY et al., Composing the Board of Assessors of the City of New York, Respondents. ·

New York (city of) — powers and duties of assessors in awarding damages caused by change of grade in streets, under chapter 634 of Laws of 1905 — title of that statute not violative of section 16 of article 3 of State Constitution.

1. Under section 6 of chapter 634 of the Laws of 1905 the board of assessors of the city of New York is directed to ascertain and award "all damages to land and buildings fronting on that portion of the street or avenue closed and discontinued or whose grades shall be changed in consequence of the provisions of this act." The assessors are not thereby given any discretion in regard to entertaining a proceeding to ascertain and award such damages nor in determining the amount of the damages in such a proceeding. Their action in ascertaining and awarding such damages is judicial in nature and, therefore, subject to review by the courts.

2. An act may include such provisions as are incidental to its main purpose and subject, as expressed in the title of the act, unless such incidental provisions are so foreign to its main purpose and subject as to mislead and deceive or tend to mislead and deceive the members of the legislature or the public.

3. A provision for the abolition, discontinuance and avoidance of grade crossings includes, among other things, acquiring property rights and making compensation therefor; hence, the title of the act of 1905, "An act to amend chapter 423 of the Laws of 1903, entitled 'An act to provide for the abolition, discontinuance and avoidance of certain grade crossings in the city of New York,' " is not in conflict with section 16 of article 3 of the Constitution relative to the title of private or local bills.

*People ex rel. Olin* v. *Hennessy*, 150 App. Div. 190, reversed.

(Argued June 4, 1912; decided June 18, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 10, 1912, which dismissed for want of power and not as a matter of discretion a writ of certiorari obtained to review the action of the board of assessors of the city of New York in dismissing a claim of the relators without making any award for damages.

The facts, so far as material, are stated in the opinion.

*Benjamin Trapnell* for appellants.    Chapter 423, Laws of 1903, as amended, imposed upon the board of assessors a judicial duty, *i. e.*, to determine relators' claim upon the evidence, and the action of a majority of said board in dismissing relators' said claim was reviewable by the Appellate Division of the Supreme Court. (*People ex rel. Hallock* v. *Hennessy*, 205 N. Y. 301; *Matter of Grade Crossing Comrs.*, 154 N. Y. 550.) The board of assessors were bound to determine relators' claim upon the evidence. The testimony offered by the city of New York demonstrated that relators' damage was at least the sum of $14,000. The determination of the board that relators' claim should be dismissed must,

therefore, be set aside. (Code Civ. Pro. § 2140, subd. 5.) (*People ex rel. Clark* v. *Roosevelt,* 168 N. Y. 448; *Matter of City of New York,* 139 App. Div. 238; *Matter of City of New York,* 66 Misc. Rep. 488; *People ex rel. City of New York* v. *Stillings,* 138 App. Div. 168; *People ex rel. Brockport* v. *Sutphin,* 166 N. Y. 163; *People ex rel. Keim* v. *Desmond,* 186 N. Y. 232.) The statute in question, chapter 634 of the Laws of 1905, is not in violation of section 16 of article 3 of the Constitution, which provides that no local bill shall embrace more than one subject and that such object shall be expressed in the title. (*D. M. L. Co.* v. *Cook,* 3 App. Div. 164; 139 N. Y. 6; *Matter of Mayer,* 50 N. Y. 504; *Harris* v. *People,* 59 N. Y. 599; *Matter of Dept. of Public Works,* 86 N. Y. 437; *Matter of Blodgett,* 89 N. Y. 392.)

*Archibald R. Watson, Corporation Counsel* (*Charles J. Nehrbas* and *Terence Farley* of counsel), for respondents. The determination of the board of assessors is not reviewable. (*People ex rel. Hallock* v. *Hennessy,* 205 N. Y. 301.) Chapter 423 of the Laws of 1903, as amended by chapter 634 of the Laws of 1905, confers no rights upon the relators. (*Radcliffe* v. *Mayor, etc.,* 4 N. Y. 195; *Sauer* v. *City of New York,* 180 N. Y. 27; *Robins* v. *McClure,* 100 N. Y. 328; *Burnside* v. *Whitney,* 21 N. Y. 148; *Hurt* v. *City of Atlanta,* 100 Ga. 274.) If chapter 423 of the Laws of 1903, as amended by chapter 634 of the Laws of 1905, be construed in the manner contended for by the appellant, it violates article 3, section 16 of the Constitution of the state of New York. (*People* v. *O'Brien,* 38 N. Y. 193; *Johnston* v. *Spicer,* 107 N. Y. 185; *People* v. *Supervisors of Chautauqua County,* 43 N. Y. 10; *Matter of Blodgett,* 89 N. Y. 392; *Cahill* v. *Hogan,* 180 N. Y. 304; *Parfitt* v. *Ferguson,* 159 N. Y. 111; *Tomassi* v. *Archibald,* 114 App. Div. 838; *Wenk* v. *City of New York,* 82 App. Div. 584; *E. P. & C. Co.* v. *City of Buffalo,* 195 N. Y. 286.)

CHASE, J. The legislature in 1903 provided for the abolition, discontinuance and avoidance of certain grade crossings in the city of New York. (Chapter 423, Laws of 1903.) Section 6 of said act as amended by chapter 634 of the Laws of 1905 is as follows: "The New York Central and Hudson River Railroad Company shall at its own expense construct the necessary bridges and abutments required to abolish and discontinue said existing grade crossings at Depot place, Fordham road and East One Hundred and Seventy-seventh street, and to avoid grade crossings at Teunnison place, * * * and shall do all the work within its said leased lines at its own expense; the city of New York shall at its own expense make all necessary changes in streets, avenues, or public places, and shall, at its own expense, acquire and construct all approaches to bridges, and pay all damages to land and buildings fronting on that portion of the street or avenue closed and discontinued or whose grades shall be changed in consequence of the provisions of this act, which damages shall be ascertained and awarded by the board of assessors of the city of New York. The said railroad company shall indemnify and save harmless the said city from any rights, claims or liabilities which may arise by reason of, or be created by, contract between either the said railroad company or its lessors and any property owner."

The relators' testator owned lands adjoining the Fordham road the title to which is asserted by the relators as trustees. Prior to 1903 Fordham road had been regulated and graded in conformity with grades established by statute. The relators allege that the city of New York, pursuant to said act of 1903 as so amended in 1905, " caused the grade of Fordham Road, a public highway in front of and abutting said premises (premises of the relators) to be elevated far above the former established lawful grade 5.25 feet and at the intersection thereof with Harlem River. At the same time the said City of

New York built a stone retaining wall at the westerly end of said Fordham Road, to wit, at or about the intersection of the same with the Harlem River Terrace in such a manner as to close said Fordham Road at or about the westerly line of your petitioners' property," and that the market value of their said real property was damaged to the extent of $70,000.

The relators filed a claim with the defendants for damages in conformity with said statute and thereafter numerous hearings were had before said defendants upon said claim, and evidence was given on behalf of the relators and of the city of New York as to the amount of the damages to said real property. Several days after the hearings before the defendants were closed, they, upon motion, dismissed the relators' claim without making any award for said damages. One of the defendants voted against said motion and in favor of awarding $10,000 to the relators for their damages.

The statute directs the board of assessors to ascertain and award " all damages to land and buildings fronting on that portion of the street or avenue closed and discontinued or whose grades shall be changed in consequence of the provisions of this act." (L. 1905, ch. 634, § 6.)

The assessors are not given any discretion in regard to entertaining a proceeding to ascertain and award such damages nor in determining the amount of the damages in such a proceeding. The action of the board of assessors in ascertaining and awarding such damages is judicial in nature and, therefore, subject to review by the courts. (*People ex rel. Hallock* v. *Hennessy,* 205 N. Y. 301.) The Appellate Division was in error in dismissing the writ of certiorari for lack of power to review it unless the act does not apply to the relators or is unconstitutional. The act of 1903 applied only to "buildings" fronting upon a street or avenue described. The amendment of 1905 added before the word "buildings" the words "land and," and thereby the legislature intended to include the

real property adjoining such street or avenue with the improvements thereon.

The language of the act relating to damages to real property fronting on a street or avenue "whose grade shall be changed in consequence of the provisions of the act" is too plain to permit of the conclusion that the legislature did not intend to authorize an award of damages arising from such change of grade.

The respondent also claims that the act is unconstitutional because its title offends against section 16 of article 3 of the Constitution of the state, which provides as follows: "No private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title." The title of the act of 1903 is as follows: "An act to provide for the abolition, discontinuance and avoidance of certain grade crossings in the city of New York."

The title of the act of 1905 is as follows: "An act to amend chapter 423 of the Laws of 1903, entitled 'An act to provide for the abolition, discontinuance and avoidance of certain grade crossings in the city of New York.'"

The title of the act of 1905 is not in conflict with the constitutional provision, if the title to the act of 1903 was sufficient under that constitutional provision. (*People ex rel. City of Rochester* v. *Briggs,* 50 N. Y. 553; *Dyker Meadow Land & Impr. Co.* v. *Cook,* 3 App. Div. 164; affirmed, 159 N. Y. 6.)

Providing for the abolition, discontinuance and avoidance of certain grade crossings includes, among other things, acquiring property rights and making compensation therefor. In carrying out the act the grade of streets is necessarily changed and damages are caused thereby. An equitable claim for payment of such damages by the municipality necessarily results from such change of grade, although the claim is not a legal one that can be enforced at common law. Such an equitable claim for damages, however, has been frequently recognized by the

legislature and it has, in recent years, in other cases repeatedly made provision for ascertaining and paying such damages.

The provision in the act under consideration for ascertaining and paying such damages is, particularly in view of the frequent recognition of such claims in other cases by the legislature, an incident to the general purpose of the act.          ·                          ·

An act may include such provisions as are incidental to its main purpose and subject as expressed in the title of the act, unless such incidental provisions are so foreign to its main purpose and subject as to mislead and deceive or tend to mislead and deceive the members of the legislature or the public. (*Economic P. & C. Co.* v. *City of Buffalo*, 195 N. Y. 286.)

The order of the Appellate Division should, therefore, be reversed, with costs to appellant, and the proceeding remitted to that court to hear and determine.

CULLEN, Ch. J., GRAY, WERNER, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur.          ₒ

Order reversed, etc.