PEOPLE ex rel. HALLOCK et al. v. HENNESSY et al., Board of Assessors.

(Supreme Court, Appellate Division, Second Department. October 11, 1912.)

1. APPEAL AND ERROR (§ 1194*)—INTERMEDIATE APPELLATE COURT—CONSTITUTIONAL QUESTION—CONSIDERATION.

　　Where, on appeal in the proceeding, the decision of the Court of Appeals showed that it had considered the constitutionality of Laws 1905, c. 582, empowering the board of assessors in the city of New York to determine the damages to landowners by the erection of a bridge over a certain creek, and a majority of the court held that the constitutional-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ity of the act could not be considered, because it was not raised, and the appeal merely questioned the right of the Appellate Division to review the amount of the award made, on the ground that the act of the assessors, being discretionary, was not reviewable, and the court remanded the cause to the Appellate Division for further proceedings, the constitutionality of the law would not be reviewed by the Appellate Division on remand.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4648–4656, 4660; Dec. Dig. § 1194.*]

2. EMINENT DOMAIN (§ 150*)—DAMAGES TO LANDOWNERS—CONSTRUCTION OF BRIDGES—AWARD—EVIDENCE.

In proceedings to assess damages for the construction of a bridge by the board of assessors of the city of New York, the landowners fixed the damage at $60,000, whereas the city's expert fixed it at $29,471. The board viewed the property, and then awarded but $15,000, with interest from October 17, 1905. Held, that the inspection of the premises was insufficient to sustain such award, which was unwarranted by any evidence in the record.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 402; Dec. Dig. § 150.*]

Thomas, J., dissenting.

Certiorari by the People, on the relation of Frances V. Hallock and others, as administrators of David H. Valentine, deceased, to review a determination of the Board of Assessors of New York awarding damages for injury to property by the erection and construction of a bridge over Newtown creek in the boroughs of Brooklyn and Queens. An order dismissing the writ (146 App. Div. 440, 131 N. Y. Supp. 327) was reversed by the Court of Appeals (205 N. Y. 301, 98 N. E. 516), and the cause remitted, with instructions. On rehearing pursuant to the remittitur of the Court of Appeals. Writ sustained, determination annulled, and matter remitted to the Board of Assessors for further proceedings.

See, also, 147 App. Div. 906, 131 N. Y. Supp. 1136.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

Benjamin Trapnell, of New York City (Joseph A. Flannery, of New York City, on the brief), for relators.

Charles J. Nehrbas, of New York City (Terence Farley, of New York City, on the brief), for respondents.

HIRSCHBERG, J. This is a proceeding by writ of certiorari to review a determination of the board of assessors of the city of New York, awarding the relators $15,000 and interest from October 17, 1905, for consequential damages caused to certain lands and buildings in the borough of Queens by the erection and construction by the city of New York of a bridge over Newtown creek, between the boroughs of Brooklyn and Queens. The claim for damages was filed with the board of assessors pursuant to the provisions of chapter 582 of the Laws of 1905. That act authorized and empowered the board of assessors "in its discretion to estimate and determine the damages

which the owner or owners of lands and buildings abutting upon Vernon avenue and adjacent to Newtown creek in the borough of Queens have suffered, or will suffer, by reason of the erection and construction" of said bridge. On the first hearing we held that we were without power to review the amount of damages awarded by the board of assessors, on the ground that the fixing of the amount was by the terms of the act "in its discretion," and that the exercise of such discretion was not the discharge of a judicial duty. People ex rel. Hallock v. Hennessy, 146 App. Div. 440, 131 N. Y. Supp. 327. Upon appeal the Court of Appeals construed the act of 1905 as authorizing the board of assessors to hear or refuse to hear, in its discretion, the claim of a landowner for damages, but held that, after the assessors had once exercised the discretion in favor of assuming jurisdiction to hear a claim, their further action in taxing the amount of an award was judicial, and reviewable by us. Accordingly the Court of Appeals remitted the proceeding to us for further action in accordance with the law as established by it. People ex rel. Hallock v. Hennessy, 205 N. Y. 301, 98 N. E. 516.

[1] Upon this rehearing before us, pursuant to such remittitur of the Court of Appeals, the learned counsel for the board of assessors has contended that the act of 1905, as so construed by the Court of Appeals, is an unconstitutional delegation of legislative powers to the board of assessors, contrary to section 1 of article 3 of the Constitution of the state of New York. His argument is that, as the right to recover consequential damages resulting from municipal improvements of the nature of the one in question is unknown at common law (see Radcliff's Ex'rs v. Mayor of Brooklyn, 4 N. Y. 195, 53 Am. Dec. 357), and based entirely upon the recognized power of the Legislature to found by statute a legal right of recovery upon the moral obligation to pay (see Matter of Borup, 182 N. Y. 222, 74 N. E. 838, 108 Am. St. Rep. 796, and People ex rel. C. T. Co. v. Prendergast, 202 N. Y. 188, 95 N. E. 715), the discretion to assume or refuse jurisdiction over such a moral claim is entirely a legislative power, that cannot be delegated to a body like a board of assessors. While it is stated in the opinion of Judge Vann, who wrote for the majority of the court, that this constitutional objection was not raised and could not be considered by the Court of Appeals upon an appeal simply questioning the right of the Appellate Division to review the amount of the award made, such constitutional objection nevertheless would seem to have received serious consideration from the Court of Appeals, in view of the fact that Chief Judge Cullen dissented from that court's decision on that ground, and Judge Vann stated in his opinion that the statute as construed by the court was "not without precedent in legislation." As the constitutional objection is tantamount to an assertion that the board of assessors was without jurisdiction, it does not seem probable that the majority of the Court of Appeals, if convinced of the soundness of the objection, would have remitted the case to us for further action. See Mass. Nat. Bank v. Shinn, 163 N. Y. 360, 57 N. E. 611. We are of opinion, therefore, that in view of the de-

cision of the Court of Appeals the matter of the amount of the award should be considered by us upon the merits, rather than that this proceeding should be dismissed on the ground that the act of 1905 as construed by the Court of Appeals is unconstitutional.

[2] The record before us shows that the testimony of the expert called on behalf of the relators fixes the damage at $60,000, whereas the testimony of the expert on behalf of the city fixes the damage on relators' property at the sum of $29,471. Thus it appears that the board of assessors has arbitrarily fixed the relators' damage at a sum not warranted by any evidence in the record, and considerably less than the estimate made and the proof presented on behalf of the city. The learned counsel for the board of assessors attempts to uphold the award on the ground that the board of assessors was not limited by the evidence presented, but could base its finding on a view of the damaged premises, which such board claims to have taken, and cites cases holding the well-known general rule that condemnation commissioners are not limited to the evidence presented before them, but may supplement such evidence by an inspection of the premises to be taken. The cases cited, however, are not quite in point with the situation here. Thus in Matter of Simmons, 132 App. Div. 574, 116 N. Y. Supp. 952, where the amount fixed as damages in a condemnation proceeding was less than the amount testified to by witnesses for the condemner, it appeared that the property had been assessed for taxation at a sum considerably less than the amount of the award. We know of no instance, and none is cited to us, where a board of assessors, in fixing the amount of damage to property, has been held authorized to completely disregard all the evidence produced before it. In the case of People ex rel. City of New York v. Stillings, 138 App. Div. 168, 123 N. Y. Supp. 349, the First Department sustained a writ of certiorari and annulled proceedings before a board of assessors because such board supplemented the evidence taken before it by an inspection of the premises. It is true, however, that the statute in that case required the commissioners to base their award on the evidence presented, and made no provision for a personal view.

In the case at bar, the Court of Appeals has held that the action of the board of assessors in fixing the award is judicial. That being so, we do not think that the board is at liberty to find an arbitrary sum not sustained by any evidence in the record. So, too, it should be remembered that the nature of the question before condemnation commissioners differs somewhat from the nature of the question to be determined in the present case. The condemnation commissioners are usually merely required to determine the present value of the premises to be condemned, and it may very well be that an inspection of such premises could furnish considerable assistance in fixing the present value. In this case the question to be determined is, not the present value of the premises, but the amount of deterioration in value since the building of the bridge by the city, and the inspection of the premises as they exist to-day could not alone be determinative of that question, and might not even aid in such determination.

The writ should be sustained, the determination annulled, and the matter remitted to the board of assessors for further proceedings, with costs.

BURR, WOODWARD, and RICH, JJ., concur. THOMAS, J., dissents from the result, on the ground that he regards the evidence as justifying the determination.