PEOPLE ex rel. OLIN et al. v. HENNESSY et al., Board of Assessors.

(Supreme Court, Appellate Division, First Department.   December 6, 1912.)

1. RAILROADS (§ 99*)—CHANGE OF GRADE—CLAIM FOR DAMAGES.

Where, in proceedings under Laws 1903, c. 423, § 6, as amended by Laws 1905, c. 634, authorizing the board of assessors of the city of New York to ascertain and award damages for a change of street grade in abolishing grade crossings, the evidence of a claim presented to the board for such damages showed the claimants to have sustained substantial damages, it was error to dismiss the claim.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 293–295, 297–304; Dec. Dig. § 99.*]

2. RAILROADS (§ 99*)—CHANGE OF GRADE—CLAIM FOR DAMAGES.

The fact that property owners, at the time of the change of a street grade, were then using their property for such purposes that no present damages would result from the change of grade, did not deprive them of a right to damages; they not being limited to the damages sustained by the particular use made of the premises at the time of the assessment of damages.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 293–295, 297–304; Dec. Dig. § 99.*]

Certiorari by the People, on the relation of Stephen H. Olin and another, as executors of S. L. M. Barlow, deceased, against Joseph P. Hennessy and others, as the Board of Assessors of the City of New York, to review their determination in dismissing the claim of the relators for damages. Rehearing on return of writ, pursuant to remittitur of the Court of Appeals. Determination annulled, and Board of Assessors required to ascertain damages.

See, also, 206 N. Y. 33, 99 N. E. 87.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Benjamin Trapnell, of New York City, for appellants.

Charles J. Nehrbas, of New York City (Terence Farley, of New York City, on the brief), for respondents.

LAUGHLIN, J. [1] This is a certiorari proceeding to review the determination of the board of assessors of the city of New York in dismissing the claim of the relators for damages, filed with said board pursuant to the provisions of section 6, c. 423, of the Laws of 1903, entitled "An act to provide for the abolition, discontinuance and avoidance of certain grade crossings in the city of New York," as amended by chapter 634 of the Laws of 1905, which provides that the city shall "pay all damages to land and buildings fronting on that portion" of any street or avenue closed or discontinued pursuant to the provisions of said act, or "whose grade shall be changed in consequence of the provisions of this act, which damages shall be ascertained and awarded by the board of assessors of the city of New York." The relators own a tract of land abutting on Fordham Road, the grade of which had been established by law prior to the enactment of the statute of 1903. By virtue of the provisions of that act, as amended, the grade

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of Fordham Road in front of the premises of the relator was elevated above the established grade from four to nine feet. The board of assessors entertained the claim and gave hearings thereon, and witnesses were called and testified in behalf of the relators and in behalf of the city. Thereafter the board took up for consideration the relators' claim for damages, and by a majority vote dismissed the claim; but 'one of the assessors dissented, and voted for an award of $10,000 to the relators. This court on the hearing on the return to the writ of certiorari expressed the opinion that the authority of the court to review the proceeding was limited to questions "of discretion, or of the regularity of the proceedings," and since the record did not present such questions the writ was dismissed; and it was specifically stated in the order that the dismissal was "for lack of power, and not as a matter of discretion."

The opinion of this court was based, in part, upon the then recent decision of the Appellate Division, Second Department, in People ex rel. Hallock v. Hennessy et al., 146 App. Div. 440, 131 N. Y. Supp. 327, which was subsequently reversed by the Court of Appeals. 205 N. Y. 301, 98 N. E. 516. The Court of Appeals, in the case, construing a statute containing provisions similar to those herein quoted from the statute under which the relators' claim was filed, but which expressly provided that the board of assessors was authorized and empowered in "its discretion" to establish and determine the damages, decided that the *discretionary* power was with respect to *entertaining* the claim, and that, having entertained and heard the claim, the action of the board was judicial, and subject to review with respect to jurisdiction, to the regularity of the proceedings, and to the amount of the award. On the review of the former decision of this court herein, the Court of Appeals wrote an opinion stating, among other things, the following:

"The action of the board of assessors in ascertaining and awarding such damages is judicial in nature, and therefore subject to review by the courts"

—and cited its decision in People ex rel. Hallock v. Hennessy et al., supra, as authority for that proposition, and remitted the case to this court "to hear and determine." People ex rel. Olin et al. v. Hennessy et al., 206 N. Y. 33, 99 N. E. 87. If the board of assessors were authorized on the evidence before them to decline to award any damages to the relators, then the action of the board in dismissing the claim should not be annulled, although it is evident, I think, that the claim was not dismissed upon that ground. In view of the evidence, it is fairly to be inferred that the majority of the board were of opinion that they were vested with discretion to award or to decline to award damages.

[2] The relators presented evidence tending to show that their premises had been damaged to the extent of $70,000. One of the city's experts estimated the damages at $24,125, and another at $14,000. It is claimed in behalf of the city that, inasmuch as the relators' premises were to be used for the purposes of storing gas in a tank which was being erected thereon at the time, no damages would be

suffered by the change of grade. There is no evidence to support this contention; and, moreover, the owners have the right to use their premises for any lawful purpose, and they are not limited to the damages sustained thereto by the particular use, which may be temporary, made of the premises at the time of the assessment of damages. The facts show without further argument that the relators have sustained substantial damages, and that the board of assessors erred in dismissing their claim.

It follows that the determination of the board of assessors in dismissing the claim of the relators should be annulled, with $50 costs and disbursements to the relators, and the board of assessors should be required to proceed and ascertain and award the damages sustained by the relators in accordance with the provisions of the act of the Legislature. All concur.