THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANCES V. HALLOCK et al., as Administrators of the Estate of DAVID H. VALENTINE, Deceased, Respondents, *v.* JOSEPH P. HENNESSY et al., Composing the Board of Assessors of the City of New York, Appellants.

*People ex rel. Hallock* v. *Hennessy,* 152 App. Div. 767, affirmed.
(Argued November 21, 1912; decided December 10, 1912.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 11, 1912, which sustained a writ of certiorari, brought to review a determination of the board of assessors of the city of New York, annulled the determination of such board and remitted the proceeding to them for further action.

The following question was certified for determination: "Are the provisions of chapter 582 of the Laws of 1905 which authorize and empower the board of assessors of the city of New York, in its discretion to estimate and determine the damages suffered by certain owners of property by reason of the erection of a bridge across Newtown creek, a violation of section one, article three of the Constitution of the State of New York, or of any other provisions of the said Constitution?"

The facts appear in the case as reported on a former appeal (205 N. Y. 301). Since that decision was made the Appellate Division has heard the appeal, and from its order annulling the determination of the board of assessors and remitting the proceeding to them for further action this appeal was taken.

*Archibald R. Watson, Corporation Counsel (Charles J. Nehrbas* of counsel), for appellants.

*Benjamin Trapnell* for respondents.

VANN, J. This appeal seems to be founded on a misunderstanding of our opinion written on a former appeal

and reported in 205 N. Y. 301.   That opinion was written to express the personal views of the writer on the questions discussed at the argument and with no expectation that it would become the opinion of the court.   Accordingly discussion was confined to the meaning of the statute and to the question whether the assessment of damages as actually made by the assessors was judicial in character.   The majority of the judges did not hold that, as they construed the act, the exercise of the discretion committed to the assessors was not also judicial in character.   While it was not so stated in the opinion, because it was not written to express the views of the court, we in fact held that the action of the board as authorized by the act was of a judicial nature from the outset and throughout their entire proceedings, although in one respect not subject to review.   It was assumed that the act as we construed it was free from constitutional objection.

An opinion does not always state all that is decided, and it should be read in the light of what is necessarily involved in the judgment as made.   When the time comes that only broad questions affecting all the people of the state can be brought before the court instead of, as at present, in many instances, only the parties to the action, there will be time for careful writing and the law may be announced in a more guarded, complete and harmonious form than is now possible.

Since the act as in fact construed by us is clearly constitutional, the order appealed from should be affirmed and the question certified answered in the negative. Under the circumstances no costs should be allowed to either party in this court.

CULLEN, Ch. J. (concurring).   The only question before the court on this appeal is that certified by the Appellate Division, to wit, the constitutionality of the statute. That depends on the construction to be given it.   That construction, as it now appears, is that the statute makes it obligatory on the board of assessors to consider and pass

upon the claims of the various parties, a duty which can be enforced by mandamus (*People ex rel. Dady* v. *Prendergast*, 203 N. Y. 1); that the action of the board of assessors is judicial *ab initio*, and that the only effect of the discretion vested in the board by the statute is to render a determination of the board rejecting a claim final and conclusive, while leaving the amount of an award subject to review by the courts. The statute thus construed is not subject to the attack upon it found in my dissenting opinion on the previous appeal.

GRAY, HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur with VANN, J., and CULLEN, Ch. J.

Order affirmed.