PEOPLE ex rel. OLIN et al. v. HENNESSY et al., Board of Assessors of City of New York.

(Supreme Court, Appellate Division, First Department. December 19, 1913.)

MUNICIPAL CORPORATIONS (§ 402*) — CHANGING GRADE OF STREET — PROCEEDINGS TO ASSESS DAMAGES.

 Under Laws 1903, c. 423, as amended by Laws 1905, c. 634, providing for the assessment of damages by the board of assessors, the board must determine claims according to the evidence presented on the hearing and cannot supplement such evidence by their own view of the premises, but they are only at liberty to view the premises in order to enable them to understand and apply the testimony.

 [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 969–981; Dec. Dig. § 402.*]

Certiorari by the People, on the relation of Stephen H. Olin and another, as executors of S. L. M. Barlow, deceased, against Joseph P. Hennessy and others, composing the Board of Assessors of the City of New York, to review the action of the Board in dismissing relators' claim for damages. Reversed and remanded, with instructions.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Benjamin Trapnell, of New York City, for relators.

Charles J. Nehrbas, of New York City, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J.  A former determination of the respondents in dismissing, by a majority vote, one of the assessors voting for an award of $10,000, the claim of the relators, was sustained by this court, following the Second Department (Peo. ex rel. Hallock v. Hennessy, 146 App. Div. 440, 131 N. Y. Supp. 327), on the theory that on the record then presented the court was without power to review the action of the board of assessors (150 App. Div. 190, 134 N. Y. Supp. 691).  The Court of Appeals subsequently reversed the decision in Peo. ex rel. Hallock v. Hennessy, supra, and held that the action of the board of assessors in hearing and determining such a claim was judicial and subject to review with respect to questions relating to jurisdiction, the regularity of the proceedings, and the amount awarded.  205 N. Y. 301, 98 N. E. 516.  On reviewing and reversing the decision of this court in this very proceeding, the Court of Appeals held that the action of the board of assessors in "ascertaining and awarding such damages is judicial in nature, and therefore subject to review by the courts," and remitted the case to this court "to hear and determine."  206 N. Y. 33, 99 N. E. 87.

On the rehearing in this court, the facts were reviewed, and the duty of the board of assessors was plainly pointed out in accordance with the decision of the Court of Appeals.  We clearly stated that the nature of the evidence was such that the determination dismissing the claim was only explainable upon the theory that the majority of the members of the board were of opinion that they were vested with discretion to award or to decline to award damages.  The only evidence then before the assessors, offered on the part of the relators, showed that their premises had sustained damages by depreciation in value, owing to the change of grade, to the extent of $70,000 to which they were entitled to an award under the statute, and the only evidence offered by the city was the testimony of two experts who gave it as their opinions respectively that the relators had been damaged to the extent of $24,125, and $14,000.  After discussing the facts, we said:

"The facts show without further argument that the relators have sustained substantial damages, and that the board of assessors erred in dismissing their claim."

We thereupon annulled the determination of the board of assessors in dismissing the claim of the relators and directed that an order be entered requiring the board of assessors to proceed and ascertain and award the damages sustained by the relators in accordance with the provisions of the act of the Legislature.  The order entered on our decision followed the opinion, and annulled the determination of the respondents composing the board of assessors dismissing the relators' claim, and ordered:

"That the proceedings be and the same hereby are remitted to the said respondents to proceed and ascertain and award the damages sustained by the relators in accordance with the statutes in such case made and provided."

On the rehearing before the assessors, which was ordered by this court, the evidence theretofore given was stipulated into the record. An expert in behalf of relators was recalled for cross-examination and

was examined by one of the respondents and by an assistant corpora-· tion counsel, and he adhered to his original testimony that the relators sustained damages to the extent of $70,000. Thereafter and on the 10th day of June, 1913, the respondents took up the consideration of the claims of the relators, and the record of their proceedings shows that one of them stated that, after careful reading and consideration of the testimony "and several inspections of the property," he was of opinion that the change of grade in question "did not cause any dam· age to the property and I decline to make any award." Another of the respondents said, "My opinion is now the same as it was before—· no damage." The president voted for an award of $15,000. There · upon by a majority vote, the president voting in the negative, the claim was disallowed.

It is difficult to view the action of the majority of the respondents in any other light than as a deliberate and willful refusal to perform their duties under the act as prescribed by the legislative branch and construed by the judicial branch of the state government. If the respondents had been properly advised with respect to the effect of the. decision of this court and their duty thereunder by the representative of the corporation counsel who appeared before them, and whose legal advisor the corporation counsel was by express provision of section 255 of the Greater New York Charter (Laws 1901, c. 466), it is inconceivable that they would have again dismissed the claim of the relators. Having so plainly pointed out, by our last opinion in this proceeding, the duty of the respondents, we would not deem it neces- ·sary to afford them a further opportunity to perform their duty were it not that it is possible, in view of the attitude in this court of the assistant corporation counsel who argued this appeal, that they may have misconceived or been misled with respect to their duty and the authority of this court in the premises, for he questioned the jurisdiction of this court to compel the respondents to carry out its mandate. In so far as there is an attempt to sustain the action of the respondents by the recital in the record that one of them viewed the premises, we have only to point out that at most they were only at liberty to view the premises in order to enable them to understand and apply the testimony, and that they could not supplement the testimony before them by their own view, and that they were required to determine the claims according to the evidence presented on the hearings. Peo. ex rel. City of New York v. Stillings, 138 App. Div. 168, 123 N. Y. Supp. 349. Our decision in People ex rel. City of New York v. Stillings, supra, was made under another change of grade statute, and its provisions differ somewhat from that of the statute now under consideration, but nevertheless it was the duty of the assessors to base an award on the evidence before them. Peo. ex rel. Hallock v. Hennessy, 152 App. Div. 767, 137 N. Y. Supp. 819, affirmed 206 N. Y. 750, 100 N. E. 407; Burchard v. State of New York, 128 App. Div. 750, 113 N. Y. Supp. 233, appeal dismissed 195 N. Y. 577, 89 N. E. 1096; Peo. ex rel. Joline v. Willcox, 134 App. Div. 563, 119 N. Y. Supp. 641.

In order that there may be no possible ground for further excuse on the part of the respondents for their failure to perform their duty, we deem it proper, in the circumstances, before taking other steps to enforce the mandate of this court, to afford them another opportunity to perform their duty; and therefore the determination of the respondents is reversed, with $50 costs and disbursements to be paid personally by the two assessors who failed to perform their duty, and the matter is remitted to the respondents, with the command that, uninfluenced by their former determinations and personal views with respect to the propriety of the statutory enactments or with respect to the judicial construction thereof, they proceed in good faith and with due diligence to hear the claims of the relators, and make an award in accordance with the statute as construed by this court, and in accordance with the weight and preponderance of the evidence adduced before them on the part of the relators. All concur.