■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for a Project Known as BROOKLYN BRIDGE SOUTHWEST URBAN RENEWAL PROJECT, Within the Area Bounded by Frankfort Street and other Streets in the Borough of Manhattan. 187 WILLIAM ST. CORP., Appellant.— Decree, entered March 3, 1967, insofar as it relates to Damage Parcel 117 in the project known as Brooklyn Bridge Southwest Urban Renewal Project, is modified, on the facts and law, to the extent of increasing the award of $35,500 for the building to $55,000, on the ground the award was inadequate, and, as so modified, affirmed, with $50 costs and disbursements to the appellant. The property is located on the northwest corner of William and Spruce Streets and was improved with a 9-story and basement

brick fireproof loft building, in excellent condition, with store fronts and a manual elevator on a plot 62 feet by 37 feet, containing 15,741 square feet of rentable area. Heat was supplied by the New York Steam Company. The corner store contained an air-conditioned restaurant. The second floor had three separate offices, men's and women's lavatories, plasterboard partitions, plaster walls and a ceiling 9 feet high, with a terrazzo floor. The third to ninth floors were substantially as follows: Open area with fireplace of elaborate design; wood floor, plaster walls and ceiling; height of third, fourth, seventh and ninth floors 9 feet; height of fifth, sixth and eighth floors 12 feet. The third floor included a plasterboard partition enclosed area and one hanging wall sink. The fourth floor office area was improved with an ornamental mahogany design over the entrance door; one lavatory off loft. The fifth floor had four storage areas, former offices, and one lavatory off the offices. One half of the sixth floor was asphalt-tiled. The seventh floor consisted of two separate areas. One area had three rooms with center terrazzo hall and one lavatory off the hall. The eighth floor was laid with linoleum over the wood floor. The ninth floor included one lavatory off the hall. All the floors were in good condition. The area of each floor was approximately 1,749 square feet; the rentable area of the entire building was 15,741 square feet. The assessed valuation of the building is $50,000. The city's valuation of the building was $39,500. Claimant's expert valued it at $102,000. The trial court allowed $35,500, $14,500 less than the assessed valuation and $4,000 less than the value claimed by the city. It was conceded on the argument that the trial court's opinion erroneously states " its valuation is supported by claimant's tax reduction application." The exhibit referred to is a franchise tax return. We are of the opinion the trial court failed to give sufficient weight to the assessed valuation of the condemning authority (*Matter of City of New York* [*Coogan*], 20 N Y 2d 618, 627; *Matter of City of New York* [*Marshall*], 8 A D 2d 365, 366–367), especially in view of the remarkably good condition of the building demonstrated by the photographic exhibits. Concur — Capozzoli, McGivern and McNally, JJ.; Eager, J. P., and Steuer, J., dissent in the following memorandum by Eager, J. P. We should be concerned here ultimately with fixing the value of the building and land, viewed as a whole, and not separately (see 19 N. Y. Jur., Eminent Domain, § 179; 1 ALR 2d 881, Note; *Matter of City of New York*, 198 N. Y. 84, 91) and we are bound by the evidence in the record. (*Matter of City of N. Y.* [*A & W Realty Corp.*], 1 N Y 2d 428, 433.) We are not " at liberty to find an arbitrary sum not sustained by any evidence in the record." (*People ex rel. Hallock* v. *Hennessy*, 152 App. Div. 767, 770, affd. 206 N. Y. 750; *Matter of City of N. Y.* [*A & W Realty Corp.*], *supra*.) Furthermore, this court, in modifying the determination of the trial court is bound to make findings of fact supporting such modification (see CPLR 5712; *Andrews* v. *Cohen*, 221 N. Y. 148, 152; *Matter of City of N. Y.* [*Tespil Realty Corp.*], 11 N Y 2d 993). The record discloses that the trial court, in his thorough consideration of the matter, questioned the expert witnesses produced and developed the details as far as possible in view of their limited knowledge or preparation as to the particular parcel. Then, using the capitalization method, the trial court arrived at a valuation clearly supported by the record. Under the circumstances, the use of such method was appropriate for calculating value (*Matter of City of N. Y.* [*Maxwell*], 15 A D 2d 153, 161, affd. 12 N Y 2d 1086, 16 N Y 2d 497) and in fact, is the only basis in the record for fixing the value of the subject premises. In this connection, the only satisfactory proof in the record to support a finding of the rental value of the property was the evidence as to the actual rental income thereof over the years as established by the records and franchise tax returns of the claimant. The trial court was justified in rejecting the testimony of the

claimant's expert as to a rental income based on a, hypothetical use of the property for storage purposes. The building was never used for storage and the testimony of the expert is very indefinite as to the adaptability of the building for this particular purpose. In fact, for many years, the building was put to the very same use as at the time of condemnation, and it is a reasonable assumption that the owner was using the property to its best advantage. In any event, there is no satisfactory showing of a demand for buildings in the locality for storage purposes, nor is there a proper showing as to what alterations would be required for such purposes and the services and expenses involved. Finally, the assessed valuation of the property is not in itself sufficient evidence of market value as to support a modification of the well based determination of the trial court. Furthermore, it is noted that the total assessed valuation was only $8,000 more than the total award, and percentagewise, such difference is insignificant and does not justify the modification of the findings of the trial court. (See Jahr, Eminent Domain, § 152; see, also, *Zogby* v. *State of New York*, 26 A D 2d 899; *Matter of Town Bd. of Town of Islip*, 21 Misc 2d 657, 660; *Matter of City of N. Y. [School of Ind. Arts]*, 2 Misc 2d 403; 39 ALR 2d 209, 214.) The decree, insofar as appealed from, should be affirmed, with costs.